Abraham Skoff, Esq. (AS-5330)
Jordan Greenberger, Esq. (JG-0316)
MOSES & SINGER LLP
405 Lexington Avenue
New York, NY 10174
Tel: (212)-554-7800
askoff@mosessinger.com
*Attorneys for Defendants/Third-Party Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN NUSSBAUM FRAGIN, in her capacity as Trustee for the ELANA B. NUSSBAUM TRUST, the MOSHE JONATHAN NUSSBAUM TRUST, the TAMAR MIRIAM NUSSBAUM TRUST, the DANIEL ZACHARY NUSSBAUM TRUST, and the SAMUEL ELIEZER NUSSBAUM TRUST,<br><br>              Plaintiff,<br><br>      -against-<br><br>LEONARD MEZEI, the ECONOMIC GROWTH GROUP, REPOTEX, INC., RON FRIEDMAN, and CATHERINE ILARDI,<br><br>              Defendants/Third-Party Plaintiffs,<br><br>      -against-<br><br>GARY S. FRAGIN,<br><br>              Third-Party Defendant. | Case No. 1:09-cv-10287-PGG<br><br>**ANSWER AND**<br>**THIRD-PARTY COMPLAINT** |

Defendants/Third-Party Plaintiffs, LEONARD MEZEI, the ECONOMIC GROWTH

GROUP ("EGG"), REPOTEX, INC. ("Repotex"), RON FRIEDMAN, and CATHERINE

ILARDI, ("Defendants"), by their attorneys, Moses & Singer LLP: (i) answering the Complaint

of Plaintiff, KAREN NUSSBAUM FRAGIN, in her capacity as Trustee for the ELANA B.

NUSSBAUM TRUST, the MOSHE JONATHAN NUSSBAUM TRUST, the TAMAR MIRIAM

NUSSBAUM TRUST, the DANIEL ZACHARY NUSSBAUM TRUST, and the SAMUEL

ELIEZER NUSSBAUM TRUST ("Plaintiff"), dated December 11, 2009 (the "Complaint"); and,

(ii) pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, as and for Defendants' third-

party complaint against Third-Party Defendant, GARY S. FRAGIN ("Third-Party Defendant" or

"Fragin"), allege as follows:

## NATURE OF THE CLAIM

1.      Defendants deny the allegations in paragraph 1 of the Complaint, most of which

consist of legal argument and conclusions to which no responsive pleading is required, except

admit that Plaintiff brings this action and that Plaintiff seeks to recover $800,000, plus interest,

damages, attorneys' fees and costs, and $10 million in punitive damages, though Defendants

deny liability and deny that Plaintiff may recover anything from Defendants.

## JURISDICTION AND VENUE

1.      The allegations contained in paragraph 1 of the Complaint consist entirely of legal

argument and conclusions, to which no responsive pleading is required, and to the extent a

responsive pleading is required, Defendants deny those allegations.[1]

2.      The allegations contained in paragraph 2 of the Complaint consist entirely of legal

argument and conclusions, to which no responsive pleading is required, and to the extent a

responsive pleading is required, Defendants deny those allegations.

## PARTIES

3.      Defendants lack knowledge and information sufficient to form a belief as to the

truth of the allegations contained in paragraph 3 of the Complaint, and, for this reason, deny

those allegations.

---

[1]      There is a typographical error in the Complaint.  Both the first and second paragraphs of Plaintiff's
allegations are marked as paragraph "1."

4.      Defendants admit the allegations of paragraph 4 of the Complaint.

5.      Defendants admit the allegations of paragraph 5 of the Complaint.  Mr. Mezei is the President of EGG.

6.      Defendants deny the allegations of paragraph 6 of the Complaint, except admit that defendant Repotex, Inc.'s ("Repotex") principal place of business is at 333 Seventh Avenue, Third Floor, New York, New York 10001.

7.      Defendants admit the allegations of paragraph 7 of the Complaint.

8.      Defendants admit the allegations of paragraph 8 of the Complaint.

## BACKGROUND

9.      Defendants deny the allegations of paragraph 9 of the Complaint, except admit that Compass Partners LLC ("Compass") has its principal place of business at 333 Seventh Avenue, Third Floor, New York, New York 10001.

10.      Defendants admit the allegations of paragraph 10 of the Complaint.

11.      Defendants deny the allegations of paragraph 11 of the Complaint, except Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations that Silar Advisors, LLC ("Silar") arranged for Gottex Fund Management ("Gottex") to provide financing, and, for this reason, deny those allegations.  Further, defendants allege that: Plaintiff's spouse, Gary Fragin was a principal of Silar Advisors, L.P.; he is and was a sophisticated accredited investor who, upon information and belief, has participated in many repurchase and participation agreements, including the participation agreement with Gottex ABI Master Fund Limited and Gottex ABL (Cayman) Limited (collectively, the "Gottex Participants"), had a full and complete understanding of the relevant transactions; and actively negotiated the deals at issue.

12.     Defendants deny the allegations of paragraph 12 of the Complaint.

13.     Defendants deny the allegations of paragraph 13 of the Complaint.

14.     Defendants deny the allegations of paragraph 14 of the Complaint.

15.     Defendants deny the allegations of paragraph 15 of the Complaint.

16.     Defendants deny the allegations of paragraph 16 of the Complaint.

17.     Defendants deny the allegations of paragraph 17 of the Complaint.

18.     Defendants deny the allegations of paragraph 18 of the Complaint, and note that the allegations in paragraph 18 of the Complaint are inconsistent with paragraph 13 of the Complaint; Defendants further allege that Fragin – a founding partner and then principal of Silar Advisors, L.P. – originated and negotiated the underlying transaction and, upon information and belief, understood the nature and purpose of the investment, and disclosed the purpose and nature of the investment to Plaintiff and the Nussbaum Trusts; additionally, Mr. Mezei disclosed to investors the purpose and nature of their investment.

19.     Defendants deny the allegations of paragraph 19 of the Complaint.

20.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and, for this reason, deny those allegations.

21.     Defendants deny the allegations of paragraph 21 of the Complaint.

22.     Defendants' admit the Nussbaum Trusts wired funds, but Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 of the Complaint, and, for this reason, deny those remaining allegations, except respectfully refer to the Court the construction, interpretation, purport, application, genuineness

and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

23.     Defendants' admit the Nussbaum Trusts wired funds, but Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 of the Complaint, and, for this reason, deny those remaining allegations, except respectfully refer to the Court the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

24.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and, for this reason, deny those allegations, except respectfully refer to the Court the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

25.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and, for this reason, deny those allegations.

26.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and, for this reason, deny those allegations.

27.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and, for this reason, deny those allegations, except respectfully refer to the Court the construction, interpretation, purport,

application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

28.     Defendants deny that a copy of the Notes are attached to the Complaint electronically filed with the Court by Plaintiff, and Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint, and, for this reason, deny those remaining allegations, except respectfully refer to the Court the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

29.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and, for this reason, deny those allegations.

30.     Defendants admit the allegations of paragraph 30 of the Complaint, except deny that Repotex was formed solely for the purpose of purchasing the Gottex loan, and further allege that there is no "Gottex loan," only the Gottex Participants' position in Silar Advisor, L.P.'s loan to Compass USA SPE LLC ("Compass SPE") under the Senior Repo.

31.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint, and, for this reason, deny those allegations, except respectfully refer to the Court the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

32.     Defendants deny the allegations of paragraph 32 of the Complaint.

33.     Defendants deny the allegations of paragraph 33 of the Complaint.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, and, for this reason, deny those allegations, except respectfully refer to the Court the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, and, for this reason, deny those allegations, except respectfully refer to the Court the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

41. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint, and, for this reason, deny those allegations, except respectfully refer to the Court the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

42. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint, and, for this reason, deny those allegations, except respectfully refer to the Court the construction, interpretation, purport,

application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

43.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint, and, for this reason, deny those allegations, except respectfully refer to the Court the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

44.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint, and, for this reason, deny those allegations, except respectfully refer to the Court the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

45.      To the extent the term "Holders" means the Nussbaum Trusts, Defendants admit the allegations of paragraph 45 of the Complaint, but to the extent the term "Holders" means *any* note holders, Defendants deny the allegations of paragraph 45 of the Complaint.

46.      Defendants admit the allegations of paragraph 46 of the Complaint.

47.      Defendants deny the allegations of paragraph 47 of the Complaint.

48.      Defendants admit the allegations of paragraph 48 of the Complaint, except deny that Gottex foreclosed on the Senior Repo, and allege further that Fragin knew the purpose, nature, and status of the investment and underlying transaction; upon information and belief, Fragin advised Plaintiff and kept Plaintiff and the Nussbaum Trusts informed about the purpose, nature, and status of the investment and underlying transaction.

49.      Defendants deny the allegations of paragraph 49 of the Complaint.

50.     Defendants deny that Plaintiff and the Nussbaum Trusts invested with Mr. Mezei, and Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of the Complaint, and, for this reason, deny those allegations, except Defendants admit that Mrs. Fragin began demanding, and has continued to demand, payment.

51.     Defendants admit the allegations of paragraph 51 of the Complaint, and allege that since February 12, 2009, Silar Advisors, L.P. has not paid Repotex pursuant to Repotex's participation position.

## FIRST CAUSE OF ACTION
### (Violation of securities laws)

52.     In response to paragraph 52 of the Complaint, Defendants repeat and re-allege their responses to paragraphs 1-51 of the Complaint.

53.     The allegations contained in paragraph 53 of the Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendants deny those allegations.

54.     Defendants deny the allegations of paragraph 54 of the Complaint.

55.     Defendants admit the allegations of paragraph 55 of the Complaint, and allege that, pursuant to applicable law, the Notes were not required to be registered.

56.     The allegations contained in paragraph 56 of the Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendants deny those allegations; Defendants further allege that, at the time of the underlying transaction and investment, Fragin was known to Defendants and had made other investments as an accredited investor, including investments made in the

name of various Fragin family trusts, which were negotiated and controlled, or appeared to be controlled, by Fragin.

57.     Defendants deny the allegations of paragraph 57 of the Complaint.

58.     The allegations contained in paragraph 58 of the Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendants deny those allegations.

59.     The allegations contained in paragraph 59 of the Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendants deny those allegations.

60.     Defendants deny the allegations of paragraph 60 of the Complaint.

61.     Defendants deny the allegations of paragraph 61 of the Complaint.

<u>**SECOND CAUSE OF ACTION**</u>
**(Fraud)**

62.     In response to paragraph 62 of the Complaint, Defendants repeat and re-allege their responses to paragraphs 1-61 of the Complaint.

63.     Defendants deny the allegations of paragraph 63 of the Complaint.

64.     Defendants deny the allegations of paragraph 64 of the Complaint.

65.     Defendants deny the allegations of paragraph 65 of the Complaint.

66.     Defendants deny the allegations of paragraph 66 of the Complaint.

67.     Defendants deny the allegations of paragraph 67 of the Complaint.

68.     Defendants deny the allegations of paragraph 68 of the Complaint.

69.     Defendants deny the allegations of paragraph 69 of the Complaint.

70.     Defendants deny the allegations of paragraph 70 of the Complaint.

71.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint, and, for this reason, deny those allegations.  Defendants further allege that Mr. Mezei disclosed to investors the nature, purpose and status of their investment, Fragin – who originated and negotiated the underlying transaction – knew and understood the nature, purpose and status of the investment and the underlying transaction, and Fragin kept Plaintiff and the Nussbaum Trusts fully informed of the nature, purpose and status of their investment and the underlying transaction.

72.     Defendants deny the allegations of paragraph 72 of the Complaint.

73.     Defendants deny the allegations of paragraph 73 of the Complaint.

### THIRD CAUSE OF ACTION
### (Fraudulent Inducement)

74.     In response to paragraph 74 of the Complaint, Defendants repeat and re-allege their responses to paragraphs 1-73 of the Complaint.

75.     Defendants deny the allegations of paragraph 75 of the Complaint.

76.     Defendants deny the allegations of paragraph 76 of the Complaint.

77.     Defendants deny the allegations of paragraph 77 of the Complaint.

78.     Defendants deny the allegations of paragraph 78 of the Complaint.

79.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint, and, for this reason, deny those allegations.  Defendants further allege that Mr. Mezei disclosed to investors the nature, purpose and status of their investment, Fragin – who originated and negotiated the underlying transaction – knew and understood the nature, purpose and status of the investment and the underlying transaction, and Fragin kept Plaintiff and the Nussbaum Trusts fully informed of the nature, purpose and status of their investment and the underlying transaction.

80.     Defendants deny the allegations of paragraph 80 of the Complaint.

81.     Defendants deny the allegations of paragraph 81 of the Complaint.

### FOURTH CAUSE OF ACTION
### (Negligent Misrepresentation)

82.     In response to paragraph 82 of the Complaint, Defendants repeat and re-allege their responses to paragraphs 1-81 of the Complaint.

83.     Defendants deny the allegations of paragraph 83 of the Complaint.

84.     Defendants deny the allegations of paragraph 84 of the Complaint.

85.     Defendants deny the allegations of paragraph 85 of the Complaint.

86.     Defendants deny the allegations of paragraph 86 of the Complaint.

87.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint, and, for this reason, deny those allegations.

88.     Defendants deny the allegations of paragraph 88 of the Complaint.

### FIFTH CAUSE OF ACTION
### (Conversion)

89.     In response to paragraph 89 of the Complaint, Defendants repeat and re-allege their responses to paragraphs 1-88 of the Complaint.

90.     Defendants deny the allegations of paragraph 90 of the Complaint.

91.     Defendants admit that Repotex paid the Nussbaum Trusts $36,000 and has not made other payments to the Nussbaum Trust, but Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 91 of the Complaint, and, for this reason, deny those allegations, and respectfully refer to the Court the

construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

92.     Defendants deny the allegations of paragraph 92 of the Complaint.

93.     Defendants deny the allegations of paragraph 93 of the Complaint.

94.     Defendants deny the allegations of paragraph 94 of the Complaint.

**SIXTH CAUSE OF ACTION**
**(Breach of Contract)**

95.     In response to paragraph 95 of the Complaint, Defendants repeat and re-allege their responses to paragraphs 1-94 of the Complaint.

96.     The allegations contained in paragraph 96 of the Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendants deny those allegations.

97.     Defendants admit that Repotex paid the Nussbaum Trusts $36,000 and has not made other payments to the Nussbaum Trust, but Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 97 of the Complaint, and, for this reason, deny those allegations, and respectfully refer to the Court the construction, interpretation, purport, application, genuineness and legal effect of any document, agreement, communication, law, act, transaction, occurrence or omission asserted therein.

98.     The allegations contained in paragraph 98 of the Complaint consist entirely of legal argument and conclusions, to which no responsive pleading is required, and to the extent a responsive pleading is required, Defendants deny those allegations.

99.     Defendants deny the allegations of paragraph 99 of the Complaint.

## DEFENDANTS' ADDITIONAL DEFENSES

### FOR A FIRST DEFENSE

1.       This Court lacks subject-matter jurisdiction.

2.       There is no federal question because the Complaint fails to state a cause of action against Defendants under federal securities laws (or any other federal law) upon which relief can be granted, and Plaintiff's other alleged causes of action all are New York state common-law claims.

3.       There is no diversity of citizenship between Plaintiff and Defendants.

### FOR A SECOND DEFENSE

4.       The Complaint, either in whole or in part, fails to state any cause of action against Defendants upon which relief can be granted.

### FOR A THIRD DEFENSE

5.       Payments by Compass SPE under the Senior Repo, if any, were disbursed pursuant to and in proportion to the participation positions.

6.       Repotex received the same monies from Silar Advisors, L.P. as the Gottex Participants received in proportion to their participation positions.

7.       It is immaterial that the Gottex Participants' position in Silar Advisors, L.P.'s interest in the Senior Repo was not purchased in full.

### FOR A FOURTH DEFENSE

8.       Mr. Mezei disclosed to investors the purpose, nature, and status of their investment.

9.       Upon information and belief, Fragin – who originated and negotiated the underlying transaction – kept Plaintiff and the Nussbaum Trusts informed of all material facts before and after the funds were advanced.

10.     Plaintiff and Fragin did not expect payment unless monies were distributed with respect to the participation positions.

11.     Plaintiff has no right to additional monies because no further monies have been distributed with respect to the participation positions.

## FOR A FIFTH DEFENSE

12.     Plaintiff's claims are barred because there is no contract, express or implied, between Plaintiff and Defendants and, because of this, Plaintiff cannot assert any rights.

## FOR A SIXTH DEFENSE

13.     Plaintiff's claims are barred because Defendants did not breach any contract, express or implied, between Plaintiff and Defendants and, because of this, Plaintiff cannot assert any rights.

## FOR A SEVENTH DEFENSE

14.     Plaintiff's causes of action, and each of them, are barred by the doctrine of unclean hands.

## FOR AN EIGHTH DEFENSE

15.     Plaintiff's claims are barred by the doctrine of waiver.

## FOR A NINTH DEFENSE

16.     Plaintiff's claims are barred by the doctrine of estoppel.

17.     Neither Plaintiff nor Fragin objected to the Notes upon their receipt.

18.     Repotex advanced Plaintiff and the Nussbaum Trusts a total of $36,000 prior to receiving monies from Silar Advisors, L.P., in three $12,000 installments on July 31st, August 28th and September 30th, 2008.

19.     Neither Plaintiff nor Fragin objected to the Notes upon receipt of the $36,000.

## FOR A TENTH DEFENSE

20.     Plaintiff's claims are barred by the doctrine of release.

## FOR AN ELEVENTH DEFENSE

21.     Plaintiff's claims are barred by the doctrine of payment.

22.     On June 3, 2008, Fragin invested $800,000 of the Nussbaum Trust's money out of a total of $8,375,000 paid by Repotex to purchase $8,375,000 of the Gottex Participants' position in Silar Advisor, L.P.'s interest in the Senior Repo. Plaintiff was entitled to the benefits of 9.55% of the Repotex participation position in the Senior Repo.

23.     A May 16, 2008 payment of $109,296.98 from Silar Advisors, L.P. was credited to note holders as of May 1, 2008; Plaintiff was not a note holder as of May 1, 2008.

24.     Repotex advanced Plaintiff and the Nussbaum Trusts a total of $36,000 prior to receiving monies from Silar Advisors, L.P., in three $12,000 installments on July 31st, August 28th and September 30th, 2008.

25.     On February 2, 2009, Silar Advisors, L.P. paid $353,364.90 to Repotex.

26.     9.55% of the February 2, 2009 payment is $33,746.35.

27.     Plaintiff was paid $36,000.

28.     Plaintiff was advanced more than the amounts due, and is subject to a set-off.

## FOR A TWELFTH DEFENSE

29.     Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## FOR A THIRTEENTH DEFENSE

30.     Plaintiff's claims are barred because of a lack of and/or failure of consideration.

## FOR A FOURTEENTH DEFENSE

31.     Plaintiff is not entitled to interest or to punitive, special, extraordinary, speculative or non-foreseeable damages or to counsel fees and costs pursuant to law or contract.

## FOR A FIFTEENTH DEFENSE

32.     Defendants did not exercise dominion of a specific fund belonging to Plaintiff.

## FOR A SIXTEENTH DEFENSE

33.     Upon information and belief, Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

## FOR A SEVENTEENTH DEFENSE

34.     Plaintiff did not rely and did not reasonably rely on any fraudulent or misleading statements or actions of Defendants.


WHEREFORE, Defendants demand judgment dismissing the Complaint with costs and disbursements.

## AS AND FOR DEFENDANTS'/THIRD-PARTY PLAINTIFFS' COMPLAINT AGAINST THIRD-PARTY DEFENDANT

### Fragin, and Fragin's Relationship To Plaintiff and the Nussbaum Trusts

1.      Upon information and belief, Fragin is an individual residing at 4925 Arlington Avenue, Bronx, New York 10471.

2.      Fragin is Plaintiff's spouse, and was Plaintiff's spouse during the acts and transactions underlying Plaintiff's allegations in the Complaint.

3.      Upon information and belief, the Nussbaum Trusts are trusts for Plaintiff's children.

4.      Fragin is an accredited investor.

5.      Fragin is a sophisticated investor and expert in complex transactions.  He has years of experience running a multi-billion dollar hedge-fund and experience in securities and repurchase facilities.

6.      Upon information and belief, Fragin has actively solicited, negotiated and/or controlled hundreds of complex financing agreements, including repurchase facilities.

7.      Fragin was a principal and one of the founding partners of Silar Advisors, L.P.

8.      Fragin's son also was a principal and one of the founding partners of Silar Advisors, L.P.

9.      Upon information and belief, Fragin authorized and is controlling this litigation in the name of Plaintiff and the Nussbaum Trusts.

## Fragin's Relationship With Mr. Mezei

10.     Prior to commencement of the main action, Fragin was Mr. Mezei's friend and business confidant of many years, and even after commencement of the main action, Mr. Mezei and Fragin have a business relationship.

11.     Fragin and Mr. Mezei have belonged to the same synagogue for many years, and until commencement of the main action, spoke at least weekly, in person, and/or on the telephone about both business and social affairs.

12.     Their relationship includes a long history of business dealings.

13.     In addition to the $800,000 investment at issue, Fragin made other investments and profited millions of dollars, as an accredited investor, with Mr. Mezei and related entities.

14.     Those investments have been for large sums of money, and though Fragin often used a variety of family trusts to make those investments, Mr. Mezei always dealt with Fragin, an accredited investor who controlled the family trusts.

15.     Even when Fragin's investments came from different pockets, Fragin always held himself out as controlling the investments and the funds being invested, and Mr. Mezei always reasonably believed that he was dealing with Fragin, who had full control of the investments and who was an accredited investor.

16.     In connection with the present investment, Fragin similarly held himself out as controlling the investment and funds.

17.     Until this lawsuit, neither Fragin nor Plaintiff ever asserted to Mr. Mezei that the various family trusts are not accredited investors, or that Fragin was not in control or advising the family trusts, and Mr. Mezei reasonably believed Fragin in this regard; Mr. Mezei further relied on Fragin's expertise in these matters.

**The Two Relevant Transaction**

18.     There are two relevant and related transactions: the underlying repurchase facility, and the later $800,000 investment.

<u>The Underlying Repurchase Facility</u>

19.     The underlying repurchase facility was Fragin's deal, which he, individually and as a then principal of Silar Advisors, L.P., structured as follows.

20.     Compass bought the USACM portfolio and servicing rights out of bankruptcy for approximately $50 million and assigned the non-performing asset to the newly organized and asset-less Compass SPE.

21.     Silar Advisors, L.P. financed the purchase of the non-performing asset in a two-tier structure.

22.     The first financing tier was the Senior Repo, or "Class A," for approximately $38 million.

23.     Silar Advisors, L.P. was the "Lead" in full control of the Senior Repo.

24.     Under the Senior Repo, Compass SPE was the borrower/seller of the non-performing asset with a right to repurchase, and Silar Advisors, L.P. was the lender/buyer with a right to "margin call" the collateral (i.e., call back the collateral immediately).

25.     The second financing tier was Preferred, or "Class B," for approximately $10 million.

26.     Silar Advisors, L.P. and Fragin, individually or through family entities and/or trusts, owned most of the Class B piece.

27.     Simultaneously, Silar Advisors, L.P. sold Gottex ABI Master Fund Limited and Gottex ABL (Cayman) Limited (the "Gottex Participants") an approximately $37 million

participation position in the Senior Repo, with Silar Advisors, L.P. keeping an approximately $1 million interest in the asset.

28.     Silar Advisors, L.P. retained all rights to foreclose, control and lead the asset because the Gottex Participants would not be paid until Silar Advisor, L.P.'s interests in the Senior Repo was paid.

29.     Fragin and Silar Advisors, L.P. originated the transaction; it was their deal.

30.     Fragin actively negotiated the transaction.

31.     Upon information and belief, Fragin had a full and complete understanding of the transaction.

32.     Upon information and belief, Fragin's office prepared a detailed memorandum of the transaction.

33.     Upon information and belief, Fragin retained a direct interest in the Senior Repo and/or the Class B piece after he left Silar Advisors, L.P.

**Repotex' Participation Position in the Senior Repo**

34.     Over time, Compass SPE organically paid down the non-performing assets to approximately $25 million.

35.     Repotex sought to buy a piece of the Gottex Participants' "piece," i.e., a piece of the Gottex Participants' position in Silar Advisor, L.P's interest in the Senior Repo.

36.     A Repotex buy-out of that "piece" would put Repotex on a par with the Gottex Participants as the holder of the senior participation position with Silar Advisors, L.P.

37.     Fragin knew that Mr. Mezei was trying to buy back pieces of Gottex Particpant's position.

38.     Fragin encouraged the Repotex buy-back.

39. Upon information and belief, Fragin personally benefitted and perceived that he would benefit from taking pieces from the Gottex Participant's position.

40. Mr. Mezei did not solicit Fragin to make an investment.

41. Mr. Mezei did not know that Fragin was interested in partially financing the purchase until Fragin – unsolicited by Mr. Mezei – said he wanted "to get into the Gottex piece."

42. By getting into "the Gottex piece," Fragin was buying more of what he already owned (his share of Silar Advisor, L.P.'s interest in the Senior Repo), and taking back what he had sold to the Gottex Participants concurrent with the repurchase facility (the participation position).

43. Fragin had complete and full understanding of what he personally already owned, had previously sold to the Gottex Partipants, and was now buying back from the Gottex Participants.

44. At least until Mrs. Fragin began demanding repayment, it was Fragin that represented the Nussbaum Trusts concerning this matter.

45. Fragin – an expert and insider in the repurchase transaction – upon information and belief, kept the Nussbaum Trusts informed about the purpose, nature, and status of the $800,000 investment, and controlled those trusts.

46. Repotex obtained financing to purchase $8,375,000 of the Gottex "piece," which included the $800,000 Fragin invested, unsolicited, "to get into the Gottex piece."

47. It is immaterial that the Gottex Participant's position in Silar Advisor, L.P.'s interest in the Senior Repo was not purchased in full.

48. Payments by Compass SPE to Silar Advisors, L.P. under the Senior Repo were disbursed pursuant to and in proportion to the participation positions.

49.     Fragin did not protest when he received notes from Repotex.

## AS AND FOR THIRD-PARTY PLAINTIFFS' FIRST CLAIM AGAINST THIRD-PARTY DEFENDANT
### (Fraud)

50.     Third-Party Plaintiffs repeat and reallege the allegations contained in the paragraphs above as if fully set forth herein.

51.     Fragin was an accredited investor.

52.     Fragin knew the purpose, nature, and status of the underlying transaction and the investment, and held himself out to indicate, and led Third-Party Plaintiffs to believe: (i) that he controlled and had full authority to invest the Nussbaum Trusts and all the other family trusts he used to invest with Mr. Mezei over the years, and that they were accredited; and, (ii) that Fragin advised Plaintiff and kept Plaintiff and the Nussbaum Trusts informed about the purpose, nature, and status of the investment and underlying transaction.

53.     If the allegations of the complaint are true, these representations by Fragin were fraudulent.

54.     Fragin knowingly did not inform the Third-Party Plaintiffs that he was not the representative of, and in control of, the Nussbaum Trusts and other family trusts he used to invest millions of dollars over the years, and/or that they were not accredited investors.

55.     Third-Party Plaintiffs reasonably relied on Fragin's representations and/or omissions.

56.     Fragin is an accredited investor with whom Mr. Mezei has a lengthy social and business relationship.

57.     Additionally, Fragin was an insider on the transaction.

58.     Fragin negotiated the underlying transaction concerning the Gottex Participants' position, knew who all the parties were, and knew how the parties expected to earn money.

59.     As a result of Third-Party Plaintiff's reasonable reliance on Fragin's knowingly false representations and/or omissions, Third-Party Plaintiff's are suffering injury, and may suffer further injury if Third-Party Plaintiff's are liable to Plaintiff in the main action.

60.     Third-Party Plaintiffs are forced to expend time and money defending the main action and participating in alternative dispute resolution proceedings before the Beth Din of America.

61.     Third-Party Plaintiffs' will be further damaged if they are found liable in the main action (which they should not be).

## AS AND FOR THIRD-PARTY PLAINTIFFS' SECOND CLAIM AGAINST THIRD-PARTY DEFENDANT
### (Common Law Indemnification)

62.     Third-Party Plaintiffs repeat and reallege the allegations contained in the paragraphs above as if fully set forth herein.

63.     To the extent Third-Party Plaintiffs are damaged because they are found liable to Plaintiff in the main action, Third-Party Plaintiffs' damages arose out of the carelessness, recklessness, fraud, acts, omissions, negligence and/or breaches of duty, warranty, obligations, statute, contract (in fact or implied in law) upon the part of Fragin, his agents, servants, employees, subcontractors, sub-subcontractors, or anyone else acting on Fragin's behalf or for whom Fragin responsible.

64.     By reason of the foregoing, Fragin is obligated to indemnify, defend and hold harmless Third-Party Plaintiffs for all damages, costs and expenses it sustains or incurs as a

result, including without limitation reasonable attorneys' fees incurred in defending against Plaintiff's claims in the main action.

### AS AND FOR THIRD-PARTY PLAINTIFF'S THIRD COUNTERCLAIM AGAINST THIRD-PARTY DEFENDANT
(Common Law Contribution)

65.     Third-Party Plaintiffs repeat and reallege the allegations contained in the paragraphs above as if fully set forth herein.

66.     If Plaintiff in the main action was caused to sustain damages, and Third-Party Plaintiffs are held liable for and suffer damages as a result of same, such liability and damages were sustained by reason of the carelessness, recklessness, negligence, fraud and/or other acts of omission, commission and/or breach of contract, warranty and/or duty of Fragin, his agents, servants, employees, subcontractors, sub-subcontractors, or anyone else acting on Fragin's behalf or for whom Fragin is responsible.

67.     If any monies are recovered by Plaintiff in the main action from Defendants/Third-Party Plaintiffs and/or Third-Party Plaintiffs suffer any damages including, but not limited to, attorney's fees, Third-Party Plaintiffs will be damaged and Fragin will be responsible in whole or in part.

68.     By reason of the foregoing, Fragin is liable for contribution to Third-Party Plaintiffs for all amounts for which Third-Party Plaintiffs are held liable to Plaintiff in the main action and/or suffer damages.

WHEREFORE Third-Party Plaintiffs demand judgment on its claims as against Fragin:

(1) awarding Third-Party Plaintiffs their damages with costs and disbursements, including, without limitation, any award and any costs, fees and attorneys' fees of this action; and

(2) awarding Third-Party Plaintiffs such other relief as the Court deems just.

Dated: New York, New York
       April 26, 2010

                                        Respectfully submitted,

                                        **MOSES & SINGER LLP**
                                        *Attorneys for Defendants/Third-Party Plaintiff*

                                        By:   /s/ Jordan Greenberger
                                              Abraham Skoff
                                              Jordan Greenberger
                                        The Chrysler Building
                                        405 Lexington Avenue
                                        New York, New York 10174
                                        Telephone: (212) 554-7800
                                        Facsimile: (212) 554-7700
                                        askoff@mosessinger.com