ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN NUSSBAUM FRAGIN, in her capacity as
Trustee for the ELANA B. NUSSBAUM TRUST, the
MOSHE JONATHAN NUSSBAUM TRUST, the
TAMAR MIRIAM NUSSBAUM TRUST, the DANIEL
ZACHARY NUSSBAUM TRUST, and the SAMUEL
ELIEZER NUSSBAUM TRUST,

                    Plaintiff,

- against -

LEONARD MEZEI, the ECONOMIC GROWTH
GROUP, REPOTEX, INC., RON FRIEDMAN,
and CATHERINE ILARDI,

                    Defendants/Third-Party
                    Plaintiffs,

- against -

GARY S. FRAGIN,

                    Third-Party Defendant.

**09-CV-10287 (PGG)**

ECF Case

# MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Hoguet Newman Regal & Kenney, LLP
10 East 40th Street
New York, New York 10016
Telephone: 212-689-8808
Facsimile: 212-689-5101

**Preliminary Statement**

It is undisputed that defendant Repotex, Inc. ("Repotex") issued promissory notes to the five trusts held for Plaintiff Karen Nussbaum Fragin's children (the "Nussbaum Trusts"). The notes expressly provide that Repotex will pay interest to the Nussbaum Trusts each month starting July 31, 2008 at the rate of eighteen percent (18%) per annum and that Repotex will pay to the Nussbaum Trusts all unpaid principal and accrued interest on the notes' maturity date of June 1, 2010. It is undisputed that, to date, Repotex has paid interest to the Nussbaum Trusts for only June, July and August 2008, has not paid interest for any month since then and has not paid any of the principal and accrued interest that Repotex was required to pay on June 1, 2010.

Plaintiff Karen Nussbaum Fragin ("Mrs. Fragin"), as trustee for her children's trusts, respectfully requests that the Court issue an order granting partial summary judgment in her favor and ordering Repotex to pay to the Nussbaum Trusts the principal amount of $800,000, plus interest due under the notes at the rate of 18% per annum from September 30, 2008 through June 1, 2010, plus statutory interest and costs.

**FACTS**

Defendant Repotex is owned or controlled by defendant Leonard Mezei ("Mr. Mezei") or his related entities. Complaint, ¶ 30; Answer and Third-Party Complaint, p. 6 ¶ 30.[1] Mr. Mezei is also the president of defendant Economic Growth Group ("EGG"). Complaint, ¶ 5; Answer and Third-Party Complaint, p. 3 ¶ 5. Mr. Mezei, EGG and Repotex have their principal place of business at 333 Seventh Avenue, Third Floor,

---

[1] A true and correct copy of the Complaint, Answer and Third-Party Complaint and Answer to Third-Party Complaint are attached to the accompanying Declaration of Sheryl B. Galler in Support of Plaintiff's Motion for Partial Summary Judgment, dated July 16, 2010, as, respectively, Exhibits A, B and C.

New York, New York 10001. Complaint, ¶¶ 4, 5, 6; Answer and Third-Party Complaint, p. 3 ¶¶ 4, 5, 6.

The Nussbaum Trusts Transferred $800,000 to EGG

On or about June 3, 2008, the Nussbaum Trusts transferred a total of $800,000 to EGG, as follows: (a) the Elana B. Nussbaum Trust wired $200,000 to EGG; (b) the Moshe Jonathan Nussbaum Trust wired $200,000 to EGG; (c) the Tamar Miriam Nussbaum Trust wired $200,000 to EGG; (d) the Daniel Zachary Nussbaum Trust wired $130,000 to EGG; and (e) the Samuel Eliezer Nussbaum Trust wired $60,000 to EGG and a $10,000 check was written for that trust and sent to EGG. Complaint, ¶ 23; Answer and Third-Party Complaint, p. 5 ¶ 23; Affidavit of Karen Nussbaum Fragin, sworn to July 16, 2010 ("Mrs. Fragin Aff."), ¶ 3.

Repotex Issued Promissory Notes to the Nussbaum Trusts

Repotex issued a Term Promissory Note (the "Notes") to each of the Nussbam Trusts, promising to repay the amount that each Trust had sent to EGG plus interest at 18% per annum. Mrs. Fragin Aff., ¶¶ 4, 5 and Exs. A-E thereto; Answer and Third-Party Complaint, p. 8 ¶ 45 (admitting that Repotex paid interest to the Nussbaum Trusts as noteholders). Specifically, Repotex promises to pay (a) $200,000 plus interest to the Elana B. Nussbaum Trust; (b) $200,000 plus interest to the Moshe Jonathan Nussbaum Trust; (c) $200,000 plus interest to the Tamar Miriam Nussbaum Trust; (d) $130,000 plus interest to the Daniel Zachary Nussbaum Trust; and (e) $70,000 plus interest to the Samuel Eliezer Nussbaum Trust. Mrs. Fragin Aff., Exs. A -E.

The Terms of the Notes

The Notes require Repotex to repay to the Nussbaum Trusts the principal amount due plus interest at the "Interest Rate," which is "18% per annum on the outstanding principal balance of the Note." Mrs. Fragin Aff., Exs. A-E. The Notes provide that "[i]nterest payments shall be made on each Monthly Payment Date with respect to interest accrued during the prior month." Id. The "Monthly Payment Date" is defined as "July 31, 2008, and the last day of each calendar month thereafter." Id. The Notes further provide that "[a]ll unpaid principal and accrued interest on this Note shall be paid in full on the Maturity Date," which is June 1, 2010. Id.

Under the Notes, an "Event of Default" includes the "[f]ailure of Borrower to pay any amount due as and when required under this Note" and entitles the Nussbaum Trusts to "all rights accorded by applicable law." Id. The Notes "shall be governed by and construed in accordance with the internal substantive law, and not the choice of law rules, of the State of New York." Id.

Repotex is in Default Under the Notes

Repotex admits that it made only three payments to the Nussbaum Trusts, totaling $36,000, as follows: (i) on or about July 31, 2008, Repotex paid interest for June 2008; (ii) on or about August 31, 2008, Repotex paid interest for July 2008; and (iii) on or about September 30, 2008, Repotex paid interest for August 2008. Complaint, ¶ 45; Answer and Third-Party Complaint, p. 8 ¶ 45, p. 12 ¶ 91, p. 13 ¶ 97. Repotex and the other defendants admit that they have not paid to the Nussbaum Trusts the principal amount or any of the accrued interest. Complaint, ¶¶ 46, 51; Answer and Third-Party Complaint, p. 8 ¶ 46, p. 9 ¶ 51; see also Mrs. Fragin Aff., ¶¶ 6-8.

3

Procedural History

On July 13, 2010, the Court held a pre-motion teleconference, during which it found not persuasive defendants' assertions of mutual mistake and ambiguity in the Notes and granted leave to Mrs. Fragin to file this motion against Repotex on her Sixth Cause of Action for breach of contract. Complaint, ¶¶ 95-99.

## ARGUMENT

### I. STANDARD FOR SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Rizkallah v. Forward Air, Inc., No. 02 Civ. 2448, 2009 WL 3029309, at *5 (S.D.N.Y. Sept. 22, 2009) (Gardephe, J.) (internal quotations omitted). It is well established that, "[w]hen considering a motion for summary judgment, it is this Court's responsibility 'not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party.'" AAI Recoveries, Inc. v. Pijuan, 13 F. Supp. 2d 448, 450 (S.D.N.Y. 1998) (quoting Knight v. U.S. Fire Insurance Co., 804 F.2d 9, 11 (2d Cir. 1986)). Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (internal quotations omitted).

On a motion for summary judgment, the moving party bears the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case."

Celotex Corp., 477 U.S. at 325. The burden then shifts to the non-moving party to show the existence of a genuine issue of material fact. Id. at 322-323. The "non-moving party may not rely solely on its pleadings nor on conclusory factual allegations in satisfying this burden." AAI Recoveries, Inc., 13 F. Supp. 2d at 450 (citing Gray v. Darien, 927 F.2d 69, 74 (2d Cir. 1991)). Rather, the non-moving party must offer specific evidence to show that there is a genuine issue of material fact sufficient to allow a jury to render a verdict in its favor. Celotex Corp., 477 U.S. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## II.    SUMMARY JUDGMENT IS PROPER IN THIS CASE

Where, as here, a plaintiff can show that there is "no material question concerning execution and default" on a promissory note, summary judgment is appropriate. AAI Recoveries, Inc., 13 F. Supp. 2d at 450 (granting summary judgment to noteholder) (citing Cafiero v. Lifton, No. 95 Civ. 5570, 1996 WL 539841, at *5 (S.D.N.Y. Sept. 24, 1996)); Pereira v. Cogan, 267 B.R. 500, 506 (S.D.N.Y. 2001); Gillberg v. Shea, No. 95 Civ. 4247, 1996 WL 406682, at *2 (S.D.N.Y. May 31, 1996).

Under New York law, to establish a prima facie case of default on a promissory note, a "plaintiff must provide proof of the valid note and of defendant's failure" to make payment. MM Arizona Holdings LLC v. Bonanno, 658 F. Supp. 2d 589, 592-593 (S.D.N.Y. 2009) (granting summary judgment on note); Export-Import Bank of U.S. v. Agricola Del Mar BCS, 536 F. Supp. 2d 345, 349 (S.D.N.Y. 2008) (same). A plaintiff can meet its burden of providing proof of the valid notes by presenting them on its motion for summary judgment. See, e.g., Miller v. Steloff, 686 F. Supp. 91, 93 (S.D.N.Y. 1988) (granting summary judgment where noteholder made out prima facie

5

case by presenting instrument for payment of money); U.S. v. Abady, No. 03 Civ. 1683, 2004 WL 444081, at *3 (S.D.N.Y. Mar. 11, 2004) (granting summary judgment for party who supported its Rule 56.1 statement with signed promissory notes). Where a plaintiff has established a prima facie case of default, the burden shifts to the defendant "to present competent evidence establishing a genuine issue for trial." Pereira, 267 B.R. at 506-07; MM Arizona Holdings LLC, 658 F. Supp. 2d at 594.

Here, Mrs. Fragin has provided the Court with copies of the signed Notes issued by Repotex to the Trusts, thereby meeting her burden of proving the existence of valid notes. Mrs. Fragin Aff., Ex. A-E; see, e.g., Miller, 686 F. Supp. at 93; Abady, 2004 WL 444081, at *3. There can be no question that the Notes, on their face, require Repotex to pay to the Nussbaum Trusts a total of $800,000 plus interest at the rate of 18% per annum, and that the Notes require Repotex to pay to the Trusts all unpaid principal and accrued interest due on the Notes' maturity date of June 1, 2010. Mrs. Fragin Aff., Ex. A-E. Indeed, Repotex's partial payment under the Notes of a total of $36,000 for June, July and August 2008 (Complaint, ¶ 45; Answer and Third-Party Complaint, p. 8, ¶ 45) constitutes its admission that that it is liable for the whole debt. See Rhinock v. Simms, 226 A.D. 313, 318 (1st Dep't 1929).

There also can be no question that Repotex is in default under the Notes. Repotex admits that it made interest payments on the Notes for only three months and that neither Repotex nor any of the other defendants have paid the principal or accrued interest to the Nussbaum Trusts. Complaint, ¶¶ 46, 51; Answer and Third-Party Complaint, p. 8-9, 12-13, ¶¶ 46, 51, 91, 97.

As such, Mrs. Fragin has met her burden of proving a prima facie case of default on the Notes under New York law and is entitled to summary judgment.  MM Arizona Holdings LLC, 658 F. Supp. 2d at 592-593; Export-Import Bank of U.S., 536 F. Supp. 2d at 349; AAI Recoveries, Inc., 13 F. Supp. 2d at 450.

As demonstrated by the accompanying Statement Pursuant to Local Civil Rule 56.1 and at the teleconference held by the Court on July 13, 2010, there are no material issues of fact and Repotex has no defenses warranted by existing law to its breaches of the Notes.

## CONCLUSION

For the foregoing reasons, Mrs. Fragin respectfully requests that the Court grant summary judgment in her favor on the Sixth Cause of Action in the Complaint and order Repotex to pay to Mrs. Fragin, as trustee for the Nussbaum Trusts, the principal amount due of $800,000, plus interest at the rate of eighteen percent (18%) per annum from September 30, 2008 through June 1, 2010, plus statutory interest and costs.

Dated: New York, New York
       July 16, 2010

HOGUET NEWMAN REGAL & KENNEY, LLP

By: _____/s/ Sheryl Galler_____
    Sheryl B. Galler (SG-8182)

10 East 40th Street
New York, New York 10016
Telephone: (212) 689-8808
Facsimile: (212) 689-5101

*Attorneys for Plaintiff and
Third-Party Defendant*