# EXHIBIT 13

# TERM PROMISSORY NOTE

New York City, New York
Dated as of: June 1, 2008
Maturity Date: June 1, 2010

FOR VALUE RECEIVED, Repotex, Inc., a Delaware single purpose entity organized to purchase participation interests in a senior liquidating repurchase facility between Silar Advisors, L.P., as Buyer, and Compass USA SPE LLC, as seller dated as of February 16, 2007 (the "Borrower"), promises to pay to the order Daniel Zachary Nussbaum Trust, resident of the State of New York (the "Lender"), her recognized endorsees, successors and assigns (collectively, the "Holder"), at the office of the Lender, at 4925 Arlington Avenue, Riverdale, NY 10471, or such other place as the Holder may from time to time designate, the principal sum of One Hundred Thirty Thousand and no/100 Dollars ($130,000.00), together with interest thereon at the rate of interest hereinafter set forth, in coin or currency, which, at the time or times of payment, is legal tender for the payment of public and private debts in the United States of America. This Note shall be payable in the following manner and on all the following terms:

1.     **DEFINITIONS**. For purposes of this Note the following terms shall have the following meanings:

"Business Day" means any day (other than any Saturday, Sunday or legal holiday) on which banking offices in New York City, New York are generally open to the public for banking functions.

"Interest Rate" means 18% per annum on the outstanding principal balance of this Note as such balance may be reduced or increased from time to time, calculated on the basis of a 360-day year and adjusted for the actual number of calendar days elapsed in each interest calculation period.

"Maturity Date" means June 1, 2010.

"Monthly Payment Date" means July 31st, 2008, and the last day of each calendar month thereafter.

"Notes" means this Note and any of the other Promissory Notes issued from time to time by Borrower having the same Maturity Date as this Note.

2.     **LOAN PROCEEDS**.  Borrower hereby warrants and covenants that the proceeds of this Note and any other indebtedness, including subordinated promissory notes, if any, of Borrower shall be used exclusively to purchase participation interests (the "Participation Share") in a senior liquidating repurchase facility between Silar Advisors, L.P., as Buyer, and Compass USA SPE LLC, as seller dated as of February 16, 2007.

3.    **INTEREST**.  The outstanding principal balance of this Note shall bear interest at the Interest Rate.

4.    **PAYMENT OF PRINCIPAL AND INTEREST**.  Interest payments shall be made on each Monthly Payment Date with respect to interest accrued during the prior month. Principal payments with respect to the immediately preceding month shall also be made on the Monthly Payment Date but only to the extent such payments are required pursuant to the terms of this Note.

At the end of each calendar month this Note is outstanding, Borrower shall determine (a) the total funds received by the Borrower from the Participation Share during such calendar month ("Investment Cash Flow") and (b) the total interest payments required to be made with respect to such month by the Borrower pursuant to the Notes (collectively, "Interest Expense"). If the Investment Cash Flow for a particular month exceeds the Interest Expense for such month, the Borrower shall distribute such excess amount to the Holders of the Notes, on a pro rata basis determined by the principal amount outstanding under their respective Notes, as a principal payment on the Notes.  If the Investment Cash Flow for a particular month does not exceed the Interest Expense for such month, the Borrower shall not be required to make any principal payments with respect to the Notes with respect to such month.  In no event shall Borrower be required to make principal payments on the Notes in excess of the respective stated principal amounts thereof.

All unpaid principal and accrued interest on this Note shall be paid in full on the Maturity Date.

If any payment is required to be made on a day which is not a Business Day, such payment shall be due on the next immediately following Business Day and interest shall continue to accrue at the applicable rate.

Borrower shall have the right to prepay the principal of this Note in whole or in part. Each prepayment of this Note may be made without premium or penalty.

5.    **LIMITATION ON OTHER INDEBTEDNESS**.  Borrower shall not create, incur, assume or suffer to exist any indebtedness for borrowed money except indebtedness under the Notes and subordinated notes, if any, for the sole purpose of purchasing additional participation interests as defined in Section 2.  Borrower shall not make prepayments on an existing or future indebtedness to any person other than to the holders of the Notes or to the extent specifically permitted by any subsequent agreement between Borrower and Lender.

6.    **LENDER'S REPRESENTATIONS.**  By Lender's acceptance of this Note:

(a)    Lender hereby certifies that (i) it is a sophisticated investor with a proper understanding to evaluate and assess the risks related to acquiring this Note, (ii) it conducted a due diligence process, (c) it is capable of evaluating the merits, risks and suitability of the purchase and (d) such investment for the purchase of this Note is in accordance with its investment policy and guidelines.

(b)     Lender hereby acknowledges that it has independently and without reliance upon Borrower and based on such documents and information as it has deemed appropriate, made its own credit analysis and decision to invest in this Note and accepts responsibility therefor.

(c)     Lender acknowledges that it has assumed all risk of loss in connection with its investment for the purchase of this Note.

7.     **EVENTS OF DEFAULT.**  The occurrence of either of the following is an Event of Default under this Note:

(i)     Failure of Borrower to pay any amount due as and when required under this Note; and

(ii)     Failure of Borrower to comply with any covenant set forth herein after receipt of written notice of such failure, which failure remains uncured for at least 30 days of the receipt by Borrower of such notice.

8.     **EFFECTS OF DEFAULT.**  If any Event of Default shall occur and be continuing, then, and in each such case, notwithstanding any provision or inference to the contrary, Holder shall have all rights accorded by applicable law.

9.     **RECOGNIZED HOLDERS**.  The Lender and recognized endorsees, successors and assigns are collectively referred to herein as the "Holder."  In order to be a recognized Holder for purposes of this definition, it is necessary that each person seeking recognition as an endorsee, successor or assign provide evidence reasonably acceptable to the Borrower establishing such person's status as and endorsee, successor or assign, which evidence may be the same evidence that a transfer agent for publicly-traded securities can require as evidence of a person's status as an endorsee, successor or assign.

10.     **WAIVER OF PRESENTMENT. ETC**.  Demand for payment, presentment for payment, protest, notice of protest, notice of non-payment, notice of dishonor, notice to accelerate maturity, notice of acceleration of maturity, all other notices, diligence in collection as to each and every payment due hereunder, and all other requirements necessary to charge or hold the Borrower to any obligation hereunder are waived.

11.     **GOVERNING LAW; JURISDICTION**.  This Note shall be governed by and construed in accordance with the internal substantive law, and not the choice of law rules, of the State of New York.  The Borrower and Lender hereby consent to, and agree to submit to the jurisdiction of the Supreme Court of the State of New York and the United States District Court for the Southern District of New York for any action arising out of or in connection with this Note, and agree, that any legal action or proceeding arising out of or with respect to this Note shall be brought exclusively in the Supreme Court of the State of New York or in the United States District Court for the Southern District of New York, in each case, that are located in New York County.

12.   **INTEGRATION**. This Note comprises the entire agreement of the Borrower and the Lender on the subject matter hereof and supersedes and replaces all prior agreements, oral and written, with respect thereto.

13.   **NOTICES**. Any notice under this Note shall be given in writing to Borrower at Borrower's address set forth beneath its signature on the signature page to this Agreement, or at such other address as Borrower may hereafter specify in a notice given in the manner required under this Section.  Any notice or request hereunder shall be given only by, and shall be deemed to have been received upon:  (i) registered or certified mail, return receipt requested, on the date on which such received as indicated in such return receipt, or (ii) delivery by a nationally recognized overnight courier, one (1) Business Day after deposit with such courier.

14.   **WAIVER OF RIGHT TO TRIAL BY JURY.  THE BORROWER AND LENDER HEREBY EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION ARISING UNDER THIS NOTE OR THE TRANSACTIONS RELATED HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND THE BORROWER AND LENDER HEREBY AGREE AND CONSENT THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT EITHER BORROWER OR LENDER MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE BORROWER OR LENDER TO THE WAIVER OF THEIR RIGHT TO TRIAL BY JURY.**

Executed as of the date first above written.


**BORROWER:**

REPOTEX, INC.


By: _____
Name: Gregory Preis
Title:  President

Address for Notice:

333 Seventh Avenue, Third Floor
New York, NY 10001
    Attention: Gregory Preis

# TERM PROMISSORY NOTE

New York City, New York
Dated as of: June 1, 2008
Maturity Date: June 1, 2010

FOR VALUE RECEIVED, Repotex, Inc., a Delaware single purpose entity organized to purchase participation interests in a senior liquidating repurchase facility between Silar Advisors, L.P., as Buyer, and Compass USA SPE LLC, as seller dated as of February 16, 2007 (the "Borrower"), promises to pay to the order Elana B Nussbaum Trust, resident of the State of New York (the "Lender"), her recognized endorsees, successors and assigns (collectively, the "Holder"), at the office of the Lender, at 4925 Arlington Avenue, Riverdale, NY 10471, or such other place as the Holder may from time to time designate, the principal sum of Two Hundred Thousand and no/100 Dollars ($200,000.00), together with interest thereon at the rate of interest hereinafter set forth, in coin or currency, which, at the time or times of payment, is legal tender for the payment of public and private debts in the United States of America.  This Note shall be payable in the following manner and on all the following terms:

1.   **DEFINITIONS**. For purposes of this Note the following terms shall have the following meanings:

"Business Day" means any day (other than any Saturday, Sunday or legal holiday) on which banking offices in New York City, New York are generally open to the public for banking functions.

"Interest Rate" means 18% per annum on the outstanding principal balance of this Note as such balance may be reduced or increased from time to time, calculated on the basis of a 360-day year and adjusted for the actual number of calendar days elapsed in each interest calculation period.

"Maturity Date" means June 1, 2010.

"Monthly Payment Date" means July 31st, 2008, and the last day of each calendar month thereafter.

"Notes" means this Note and any of the other Promissory Notes issued from time to time by Borrower having the same Maturity Date as this Note.

2.   **LOAN PROCEEDS**.  Borrower hereby warrants and covenants that the proceeds of this Note and any other indebtedness, including subordinated promissory notes, if any, of Borrower shall be used exclusively to purchase participation interests (the "Participation Share") in a senior liquidating repurchase facility between Silar Advisors, L.P., as Buyer, and Compass USA SPE LLC, as seller dated as of February 16, 2007.

3.     **INTEREST**.  The outstanding principal balance of this Note shall bear interest at the Interest Rate.

4.     **PAYMENT OF PRINCIPAL AND INTEREST**.  Interest payments shall be made on each Monthly Payment Date with respect to interest accrued during the prior month. Principal payments with respect to the immediately preceding month shall also be made on the Monthly Payment Date but only to the extent such payments are required pursuant to the terms of this Note.

At the end of each calendar month this Note is outstanding, Borrower shall determine (a) the total funds received by the Borrower from the Participation Share during such calendar month ("Investment Cash Flow") and (b) the total interest payments required to be made with respect to such month by the Borrower pursuant to the Notes (collectively, "Interest Expense"). If the Investment Cash Flow for a particular month exceeds the Interest Expense for such month, the Borrower shall distribute such excess amount to the Holders of the Notes, on a pro rata basis determined by the principal amount outstanding under their respective Notes, as a principal payment on the Notes.  If the Investment Cash Flow for a particular month does not exceed the Interest Expense for such month, the Borrower shall not be required to make any principal payments with respect to the Notes with respect to such month.  In no event shall Borrower be required to make principal payments on the Notes in excess of the respective stated principal amounts thereof.

All unpaid principal and accrued interest on this Note shall be paid in full on the Maturity Date.

If any payment is required to be made on a day which is not a Business Day, such payment shall be due on the next immediately following Business Day and interest shall continue to accrue at the applicable rate.

Borrower shall have the right to prepay the principal of this Note in whole or in part. Each prepayment of this Note may be made without premium or penalty.

5.     **LIMITATION ON OTHER INDEBTEDNESS**.  Borrower shall not create, incur, assume or suffer to exist any indebtedness for borrowed money except indebtedness under the Notes and subordinated notes, if any, for the sole purpose of purchasing additional participation interests as defined in Section 2.  Borrower shall not make prepayments on an existing or future indebtedness to any person other than to the holders of the Notes or to the extent specifically permitted by any subsequent agreement between Borrower and Lender.

6.     **LENDER'S REPRESENTATIONS.**  By Lender's acceptance of this Note:

(a)     Lender hereby certifies that (i) it is a sophisticated investor with a proper understanding to evaluate and assess the risks related to acquiring this Note, (ii) it conducted a due diligence process, (c) it is capable of evaluating the merits, risks and suitability of the purchase and (d) such investment for the purchase of this Note is in accordance with its investment policy and guidelines.

(b)     Lender hereby acknowledges that it has independently and without reliance upon Borrower and based on such documents and information as it has deemed appropriate, made its own credit analysis and decision to invest in this Note and accepts responsibility therefor.

(c)     Lender acknowledges that it has assumed all risk of loss in connection with its investment for the purchase of this Note.

7.     **EVENTS OF DEFAULT.**  The occurrence of either of the following is an Event of Default under this Note:

(i)     Failure of Borrower to pay any amount due as and when required under this Note; and

(ii)     Failure of Borrower to comply with any covenant set forth herein after receipt of written notice of such failure, which failure remains uncured for at least 30 days of the receipt by Borrower of such notice.

8.     **EFFECTS OF DEFAULT.**  If any Event of Default shall occur and be continuing, then, and in each such case, notwithstanding any provision or inference to the contrary, Holder shall have all rights accorded by applicable law.

9.     **RECOGNIZED HOLDERS**.  The Lender and recognized endorsees, successors and assigns are collectively referred to herein as the "Holder."  In order to be a recognized Holder for purposes of this definition, it is necessary that each person seeking recognition as an endorsee, successor or assign provide evidence reasonably acceptable to the Borrower establishing such person's status as and endorsee, successor or assign, which evidence may be the same evidence that a transfer agent for publicly-traded securities can require as evidence of a person's status as an endorsee, successor or assign.

10.     **WAIVER OF PRESENTMENT. ETC**.  Demand for payment, presentment for payment, protest, notice of protest, notice of non-payment, notice of dishonor, notice to accelerate maturity, notice of acceleration of maturity, all other notices, diligence in collection as to each and every payment due hereunder, and all other requirements necessary to charge or hold the Borrower to any obligation hereunder are waived.

11.     **GOVERNING LAW; JURISDICTION**.  This Note shall be governed by and construed in accordance with the internal substantive law, and not the choice of law rules, of the State of New York.  The Borrower and Lender hereby consent to, and agree to submit to the jurisdiction of the Supreme Court of the State of New York and the United States District Court for the Southern District of New York for any action arising out of or in connection with this Note, and agree, that any legal action or proceeding arising out of or with respect to this Note shall be brought exclusively in the Supreme Court of the State of New York or in the United States District Court for the Southern District of New York, in each case, that are located in New York County.

12.    **INTEGRATION**. This Note comprises the entire agreement of the Borrower and the Lender on the subject matter hereof and supersedes and replaces all prior agreements, oral and written, with respect thereto.

13.    **NOTICES**. Any notice under this Note shall be given in writing to Borrower at Borrower's address set forth beneath its signature on the signature page to this Agreement, or at such other address as Borrower may hereafter specify in a notice given in the manner required under this Section.  Any notice or request hereunder shall be given only by, and shall be deemed to have been received upon:  (i) registered or certified mail, return receipt requested, on the date on which such received as indicated in such return receipt, or (ii) delivery by a nationally recognized overnight courier, one (1) Business Day after deposit with such courier.

14.    **WAIVER OF RIGHT TO TRIAL BY JURY.  THE BORROWER AND LENDER HEREBY EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION ARISING UNDER THIS NOTE OR THE TRANSACTIONS RELATED HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND THE BORROWER AND LENDER HEREBY AGREE AND CONSENT THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT EITHER BORROWER OR LENDER MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE BORROWER OR LENDER TO THE WAIVER OF THEIR RIGHT TO TRIAL BY JURY.**

Executed as of the date first above written.


**BORROWER:**

REPOTEX, INC.


By: _____
Name: Gregory Preis
Title:  President

Address for Notice:

333 Seventh Avenue, Third Floor
New York, NY 10001
     Attention: Gregory Preis

# TERM PROMISSORY NOTE

New York City, New York
Dated as of: June 1, 2008
Maturity Date: June 1, 2010

FOR VALUE RECEIVED, Repotex, Inc., a Delaware single purpose entity organized to purchase participation interests in a senior liquidating repurchase facility between Silar Advisors, L.P., as Buyer, and Compass USA SPE LLC, as seller dated as of February 16, 2007 (the "Borrower"), promises to pay to the order Moshe Jonathan Nussbaum Trust, resident of the State of New York (the "Lender"), her recognized endorsees, successors and assigns (collectively, the "Holder"), at the office of the Lender, at 4925 Arlington Avenue, Riverdale, NY 10471, or such other place as the Holder may from time to time designate, the principal sum of Two Hundred Thousand and no/100 Dollars ($200,000.00), together with interest thereon at the rate of interest hereinafter set forth, in coin or currency, which, at the time or times of payment, is legal tender for the payment of public and private debts in the United States of America.  This Note shall be payable in the following manner and on all the following terms:

1.    **DEFINITIONS**. For purposes of this Note the following terms shall have the following meanings:

"Business Day" means any day (other than any Saturday, Sunday or legal holiday) on which banking offices in New York City, New York are generally open to the public for banking functions.

"Interest Rate" means 18% per annum on the outstanding principal balance of this Note as such balance may be reduced or increased from time to time, calculated on the basis of a 360-day year and adjusted for the actual number of calendar days elapsed in each interest calculation period.

"Maturity Date" means June 1, 2010.

"Monthly Payment Date" means July 31st, 2008, and the last day of each calendar month thereafter.

"Notes" means this Note and any of the other Promissory Notes issued from time to time by Borrower having the same Maturity Date as this Note.

2.    **LOAN PROCEEDS**.  Borrower hereby warrants and covenants that the proceeds of this Note and any other indebtedness, including subordinated promissory notes, if any, of Borrower shall be used exclusively to purchase participation interests (the "Participation Share") in a senior liquidating repurchase facility between Silar Advisors, L.P., as Buyer, and Compass USA SPE LLC, as seller dated as of February 16, 2007.

3. **INTEREST**. The outstanding principal balance of this Note shall bear interest at the Interest Rate.

4. **PAYMENT OF PRINCIPAL AND INTEREST**. Interest payments shall be made on each Monthly Payment Date with respect to interest accrued during the prior month. Principal payments with respect to the immediately preceding month shall also be made on the Monthly Payment Date but only to the extent such payments are required pursuant to the terms of this Note.

At the end of each calendar month this Note is outstanding, Borrower shall determine (a) the total funds received by the Borrower from the Participation Share during such calendar month ("Investment Cash Flow") and (b) the total interest payments required to be made with respect to such month by the Borrower pursuant to the Notes (collectively, "Interest Expense"). If the Investment Cash Flow for a particular month exceeds the Interest Expense for such month, the Borrower shall distribute such excess amount to the Holders of the Notes, on a pro rata basis determined by the principal amount outstanding under their respective Notes, as a principal payment on the Notes. If the Investment Cash Flow for a particular month does not exceed the Interest Expense for such month, the Borrower shall not be required to make any principal payments with respect to the Notes with respect to such month. In no event shall Borrower be required to make principal payments on the Notes in excess of the respective stated principal amounts thereof.

All unpaid principal and accrued interest on this Note shall be paid in full on the Maturity Date.

If any payment is required to be made on a day which is not a Business Day, such payment shall be due on the next immediately following Business Day and interest shall continue to accrue at the applicable rate.

Borrower shall have the right to prepay the principal of this Note in whole or in part. Each prepayment of this Note may be made without premium or penalty.

5. **LIMITATION ON OTHER INDEBTEDNESS**. Borrower shall not create, incur, assume or suffer to exist any indebtedness for borrowed money except indebtedness under the Notes and subordinated notes, if any, for the sole purpose of purchasing additional participation interests as defined in Section 2. Borrower shall not make prepayments on an existing or future indebtedness to any person other than to the holders of the Notes or to the extent specifically permitted by any subsequent agreement between Borrower and Lender.

6. **LENDER'S REPRESENTATIONS.** By Lender's acceptance of this Note:

(a) Lender hereby certifies that (i) it is a sophisticated investor with a proper understanding to evaluate and assess the risks related to acquiring this Note, (ii) it conducted a due diligence process, (c) it is capable of evaluating the merits, risks and suitability of the purchase and (d) such investment for the purchase of this Note is in accordance with its investment policy and guidelines.

(b)     Lender hereby acknowledges that it has independently and without reliance upon Borrower and based on such documents and information as it has deemed appropriate, made its own credit analysis and decision to invest in this Note and accepts responsibility therefor.

(c)     Lender acknowledges that it has assumed all risk of loss in connection with its investment for the purchase of this Note.

7.     **EVENTS OF DEFAULT.**  The occurrence of either of the following is an Event of Default under this Note:

(i)     Failure of Borrower to pay any amount due as and when required under this Note; and

(ii)     Failure of Borrower to comply with any covenant set forth herein after receipt of written notice of such failure, which failure remains uncured for at least 30 days of the receipt by Borrower of such notice.

8.     **EFFECTS OF DEFAULT.**  If any Event of Default shall occur and be continuing, then, and in each such case, notwithstanding any provision or inference to the contrary, Holder shall have all rights accorded by applicable law.

9.     **RECOGNIZED HOLDERS**.  The Lender and recognized endorsees, successors and assigns are collectively referred to herein as the "Holder."  In order to be a recognized Holder for purposes of this definition, it is necessary that each person seeking recognition as an endorsee, successor or assign provide evidence reasonably acceptable to the Borrower establishing such person's status as and endorsee, successor or assign, which evidence may be the same evidence that a transfer agent for publicly-traded securities can require as evidence of a person's status as an endorsee, successor or assign.

10.     **WAIVER OF PRESENTMENT. ETC**.  Demand for payment, presentment for payment, protest, notice of protest, notice of non-payment, notice of dishonor, notice to accelerate maturity, notice of acceleration of maturity, all other notices, diligence in collection as to each and every payment due hereunder, and all other requirements necessary to charge or hold the Borrower to any obligation hereunder are waived.

11.     **GOVERNING LAW; JURISDICTION**.  This Note shall be governed by and construed in accordance with the internal substantive law, and not the choice of law rules, of the State of New York.  The Borrower and Lender hereby consent to, and agree to submit to the jurisdiction of the Supreme Court of the State of New York and the United States District Court for the Southern District of New York for any action arising out of or in connection with this Note, and agree, that any legal action or proceeding arising out of or with respect to this Note shall be brought exclusively in the Supreme Court of the State of New York or in the United States District Court for the Southern District of New York, in each case, that are located in New York County.

12.   **INTEGRATION**. This Note comprises the entire agreement of the Borrower and the Lender on the subject matter hereof and supersedes and replaces all prior agreements, oral and written, with respect thereto.

13.   **NOTICES**. Any notice under this Note shall be given in writing to Borrower at Borrower's address set forth beneath its signature on the signature page to this Agreement, or at such other address as Borrower may hereafter specify in a notice given in the manner required under this Section.  Any notice or request hereunder shall be given only by, and shall be deemed to have been received upon:  (i) registered or certified mail, return receipt requested, on the date on which such received as indicated in such return receipt, or (ii) delivery by a nationally recognized overnight courier, one (1) Business Day after deposit with such courier.

14.   **WAIVER OF RIGHT TO TRIAL BY JURY.  THE BORROWER AND LENDER HEREBY EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION ARISING UNDER THIS NOTE OR THE TRANSACTIONS RELATED HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND THE BORROWER AND LENDER HEREBY AGREE AND CONSENT THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT EITHER BORROWER OR LENDER MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE BORROWER OR LENDER TO THE WAIVER OF THEIR RIGHT TO TRIAL BY JURY.**

Executed as of the date first above written.


**BORROWER:**

REPOTEX, INC.


By: _____
Name: Gregory Preis
Title:  President

Address for Notice:

333 Seventh Avenue, Third Floor
New York, NY 10001
     Attention: Gregory Preis

# TERM PROMISSORY NOTE

New York City, New York
Dated as of: June 1, 2008
Maturity Date: June 1, 2010

     FOR VALUE RECEIVED, Repotex, Inc., a Delaware single purpose entity organized to purchase participation interests in a senior liquidating repurchase facility between Silar Advisors, L.P., as Buyer, and Compass USA SPE LLC, as seller dated as of February 16, 2007 (the "Borrower"), promises to pay to the order Samuel Eliezar Nussbaum Trust, resident of the State of New York (the "Lender"), her recognized endorsees, successors and assigns (collectively, the "Holder"), at the office of the Lender, at 4925 Arlington Avenue, Riverdale, NY 10471, or such other place as the Holder may from time to time designate, the principal sum of Seventy Thousand and no/100 Dollars ($70,000.00), together with interest thereon at the rate of interest hereinafter set forth, in coin or currency, which, at the time or times of payment, is legal tender for the payment of public and private debts in the United States of America.  This Note shall be payable in the following manner and on all the following terms:

     1.    **DEFINITIONS**. For purposes of this Note the following terms shall have the following meanings:

     "Business Day" means any day (other than any Saturday, Sunday or legal holiday) on which banking offices in New York City, New York are generally open to the public for banking functions.

     "Interest Rate" means 18% per annum on the outstanding principal balance of this Note as such balance may be reduced or increased from time to time, calculated on the basis of a 360-day year and adjusted for the actual number of calendar days elapsed in each interest calculation period.

     "Maturity Date" means June 1, 2010.

     "Monthly Payment Date" means July 31st, 2008, and the last day of each calendar month thereafter.

     "Notes" means this Note and any of the other Promissory Notes issued from time to time by Borrower having the same Maturity Date as this Note.

     2.    **LOAN PROCEEDS**.  Borrower hereby warrants and covenants that the proceeds of this Note and any other indebtedness, including subordinated promissory notes, if any, of Borrower shall be used exclusively to purchase participation interests (the "Participation Share") in a senior liquidating repurchase facility between Silar Advisors, L.P., as Buyer, and Compass USA SPE LLC, as seller dated as of February 16, 2007.

3.     **INTEREST**.  The outstanding principal balance of this Note shall bear interest at the Interest Rate.

4.     **PAYMENT OF PRINCIPAL AND INTEREST**.  Interest payments shall be made on each Monthly Payment Date with respect to interest accrued during the prior month. Principal payments with respect to the immediately preceding month shall also be made on the Monthly Payment Date but only to the extent such payments are required pursuant to the terms of this Note.

At the end of each calendar month this Note is outstanding, Borrower shall determine (a) the total funds received by the Borrower from the Participation Share during such calendar month ("Investment Cash Flow") and (b) the total interest payments required to be made with respect to such month by the Borrower pursuant to the Notes (collectively, "Interest Expense"). If the Investment Cash Flow for a particular month exceeds the Interest Expense for such month, the Borrower shall distribute such excess amount to the Holders of the Notes, on a pro rata basis determined by the principal amount outstanding under their respective Notes, as a principal payment on the Notes.  If the Investment Cash Flow for a particular month does not exceed the Interest Expense for such month, the Borrower shall not be required to make any principal payments with respect to the Notes with respect to such month.  In no event shall Borrower be required to make principal payments on the Notes in excess of the respective stated principal amounts thereof.

All unpaid principal and accrued interest on this Note shall be paid in full on the Maturity Date.

If any payment is required to be made on a day which is not a Business Day, such payment shall be due on the next immediately following Business Day and interest shall continue to accrue at the applicable rate.

Borrower shall have the right to prepay the principal of this Note in whole or in part. Each prepayment of this Note may be made without premium or penalty.

5.     **LIMITATION ON OTHER INDEBTEDNESS**.  Borrower shall not create, incur, assume or suffer to exist any indebtedness for borrowed money except indebtedness under the Notes and subordinated notes, if any, for the sole purpose of purchasing additional participation interests as defined in Section 2.  Borrower shall not make prepayments on an existing or future indebtedness to any person other than to the holders of the Notes or to the extent specifically permitted by any subsequent agreement between Borrower and Lender.

6.     **LENDER'S REPRESENTATIONS.**  By Lender's acceptance of this Note:

(a)     Lender hereby certifies that (i) it is a sophisticated investor with a proper understanding to evaluate and assess the risks related to acquiring this Note, (ii) it conducted a due diligence process, (c) it is capable of evaluating the merits, risks and suitability of the purchase and (d) such investment for the purchase of this Note is in accordance with its investment policy and guidelines.

(b)     Lender hereby acknowledges that it has independently and without reliance upon Borrower and based on such documents and information as it has deemed appropriate, made its own credit analysis and decision to invest in this Note and accepts responsibility therefor.

(c)     Lender acknowledges that it has assumed all risk of loss in connection with its investment for the purchase of this Note.

7.     **EVENTS OF DEFAULT.**  The occurrence of either of the following is an Event of Default under this Note:

(i)     Failure of Borrower to pay any amount due as and when required under this Note; and

(ii)     Failure of Borrower to comply with any covenant set forth herein after receipt of written notice of such failure, which failure remains uncured for at least 30 days of the receipt by Borrower of such notice.

8.     **EFFECTS OF DEFAULT.**  If any Event of Default shall occur and be continuing, then, and in each such case, notwithstanding any provision or inference to the contrary, Holder shall have all rights accorded by applicable law.

9.     **RECOGNIZED HOLDERS**.  The Lender and recognized endorsees, successors and assigns are collectively referred to herein as the "Holder."  In order to be a recognized Holder for purposes of this definition, it is necessary that each person seeking recognition as an endorsee, successor or assign provide evidence reasonably acceptable to the Borrower establishing such person's status as and endorsee, successor or assign, which evidence may be the same evidence that a transfer agent for publicly-traded securities can require as evidence of a person's status as an endorsee, successor or assign.

10.     **WAIVER OF PRESENTMENT. ETC**.  Demand for payment, presentment for payment, protest, notice of protest, notice of non-payment, notice of dishonor, notice to accelerate maturity, notice of acceleration of maturity, all other notices, diligence in collection as to each and every payment due hereunder, and all other requirements necessary to charge or hold the Borrower to any obligation hereunder are waived.

11.     **GOVERNING LAW; JURISDICTION**.  This Note shall be governed by and construed in accordance with the internal substantive law, and not the choice of law rules, of the State of New York.  The Borrower and Lender hereby consent to, and agree to submit to the jurisdiction of the Supreme Court of the State of New York and the United States District Court for the Southern District of New York for any action arising out of or in connection with this Note, and agree, that any legal action or proceeding arising out of or with respect to this Note shall be brought exclusively in the Supreme Court of the State of New York or in the United States District Court for the Southern District of New York, in each case, that are located in New York County.

12.     **INTEGRATION**. This Note comprises the entire agreement of the Borrower and the Lender on the subject matter hereof and supersedes and replaces all prior agreements, oral and written, with respect thereto.

13.     **NOTICES**. Any notice under this Note shall be given in writing to Borrower at Borrower's address set forth beneath its signature on the signature page to this Agreement, or at such other address as Borrower may hereafter specify in a notice given in the manner required under this Section.  Any notice or request hereunder shall be given only by, and shall be deemed to have been received upon:  (i) registered or certified mail, return receipt requested, on the date on which such received as indicated in such return receipt, or (ii) delivery by a nationally recognized overnight courier, one (1) Business Day after deposit with such courier.

14.     **WAIVER OF RIGHT TO TRIAL BY JURY.  THE BORROWER AND LENDER HEREBY EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION ARISING UNDER THIS NOTE OR THE TRANSACTIONS RELATED HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND THE BORROWER AND LENDER HEREBY AGREE AND CONSENT THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT EITHER BORROWER OR LENDER MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE BORROWER OR LENDER TO THE WAIVER OF THEIR RIGHT TO TRIAL BY JURY.**

Executed as of the date first above written.

**BORROWER:**

REPOTEX, INC.

By: _____
Name: Gregory Preis
Title:  President

Address for Notice:

333 Seventh Avenue, Third Floor
New York, NY 10001
    Attention: Gregory Preis

# TERM PROMISSORY NOTE

New York City, New York
Dated as of: June 1, 2008
Maturity Date: June 1, 2010

      FOR VALUE RECEIVED, Repotex, Inc., a Delaware single purpose entity organized to purchase participation interests in a senior liquidating repurchase facility between Silar Advisors, L.P., as Buyer, and Compass USA SPE LLC, as seller dated as of February 16, 2007 (the "Borrower"), promises to pay to the order Tamar Miriam Nussbaum Trust, resident of the State of New York (the "Lender"), her recognized endorsees, successors and assigns (collectively, the "Holder"), at the office of the Lender, at 4925 Arlington Avenue, Riverdale, NY 10471, or such other place as the Holder may from time to time designate, the principal sum of Two Hundred Thousand and no/100 Dollars ($200,000.00), together with interest thereon at the rate of interest hereinafter set forth, in coin or currency, which, at the time or times of payment, is legal tender for the payment of public and private debts in the United States of America.  This Note shall be payable in the following manner and on all the following terms:

      1.    **DEFINITIONS**. For purposes of this Note the following terms shall have the following meanings:

      "Business Day" means any day (other than any Saturday, Sunday or legal holiday) on which banking offices in New York City, New York are generally open to the public for banking functions.

      "Interest Rate" means 18% per annum on the outstanding principal balance of this Note as such balance may be reduced or increased from time to time, calculated on the basis of a 360-day year and adjusted for the actual number of calendar days elapsed in each interest calculation period.

      "Maturity Date" means June 1, 2010.

      "Monthly Payment Date" means July 31st, 2008, and the last day of each calendar month thereafter.

      "Notes" means this Note and any of the other Promissory Notes issued from time to time by Borrower having the same Maturity Date as this Note.

      2.    **LOAN PROCEEDS**.  Borrower hereby warrants and covenants that the proceeds of this Note and any other indebtedness, including subordinated promissory notes, if any, of Borrower shall be used exclusively to purchase participation interests (the "Participation Share") in a senior liquidating repurchase facility between Silar Advisors, L.P., as Buyer, and Compass USA SPE LLC, as seller dated as of February 16, 2007.

3.    **INTEREST**.  The outstanding principal balance of this Note shall bear interest at the Interest Rate.

4.    **PAYMENT OF PRINCIPAL AND INTEREST**.  Interest payments shall be made on each Monthly Payment Date with respect to interest accrued during the prior month. Principal payments with respect to the immediately preceding month shall also be made on the Monthly Payment Date but only to the extent such payments are required pursuant to the terms of this Note.

At the end of each calendar month this Note is outstanding, Borrower shall determine (a) the total funds received by the Borrower from the Participation Share during such calendar month ("Investment Cash Flow") and (b) the total interest payments required to be made with respect to such month by the Borrower pursuant to the Notes (collectively, "Interest Expense"). If the Investment Cash Flow for a particular month exceeds the Interest Expense for such month, the Borrower shall distribute such excess amount to the Holders of the Notes, on a pro rata basis determined by the principal amount outstanding under their respective Notes, as a principal payment on the Notes.  If the Investment Cash Flow for a particular month does not exceed the Interest Expense for such month, the Borrower shall not be required to make any principal payments with respect to the Notes with respect to such month.  In no event shall Borrower be required to make principal payments on the Notes in excess of the respective stated principal amounts thereof.

All unpaid principal and accrued interest on this Note shall be paid in full on the Maturity Date.

If any payment is required to be made on a day which is not a Business Day, such payment shall be due on the next immediately following Business Day and interest shall continue to accrue at the applicable rate.

Borrower shall have the right to prepay the principal of this Note in whole or in part. Each prepayment of this Note may be made without premium or penalty.

5.    **LIMITATION ON OTHER INDEBTEDNESS**.  Borrower shall not create, incur, assume or suffer to exist any indebtedness for borrowed money except indebtedness under the Notes and subordinated notes, if any, for the sole purpose of purchasing additional participation interests as defined in Section 2.  Borrower shall not make prepayments on an existing or future indebtedness to any person other than to the holders of the Notes or to the extent specifically permitted by any subsequent agreement between Borrower and Lender.

6.    **LENDER'S REPRESENTATIONS.**  By Lender's acceptance of this Note:

(a)    Lender hereby certifies that (i) it is a sophisticated investor with a proper understanding to evaluate and assess the risks related to acquiring this Note, (ii) it conducted a due diligence process, (c) it is capable of evaluating the merits, risks and suitability of the purchase and (d) such investment for the purchase of this Note is in accordance with its investment policy and guidelines.

(b)     Lender hereby acknowledges that it has independently and without reliance upon Borrower and based on such documents and information as it has deemed appropriate, made its own credit analysis and decision to invest in this Note and accepts responsibility therefor.

(c)     Lender acknowledges that it has assumed all risk of loss in connection with its investment for the purchase of this Note.

7.     **EVENTS OF DEFAULT.**  The occurrence of either of the following is an Event of Default under this Note:

(i)     Failure of Borrower to pay any amount due as and when required under this Note; and

(ii)    Failure of Borrower to comply with any covenant set forth herein after receipt of written notice of such failure, which failure remains uncured for at least 30 days of the receipt by Borrower of such notice.

8.     **EFFECTS OF DEFAULT.**  If any Event of Default shall occur and be continuing, then, and in each such case, notwithstanding any provision or inference to the contrary, Holder shall have all rights accorded by applicable law.

9.     **RECOGNIZED HOLDERS**.  The Lender and recognized endorsees, successors and assigns are collectively referred to herein as the "Holder."  In order to be a recognized Holder for purposes of this definition, it is necessary that each person seeking recognition as an endorsee, successor or assign provide evidence reasonably acceptable to the Borrower establishing such person's status as and endorsee, successor or assign, which evidence may be the same evidence that a transfer agent for publicly-traded securities can require as evidence of a person's status as an endorsee, successor or assign.

10.    **WAIVER OF PRESENTMENT. ETC**.  Demand for payment, presentment for payment, protest, notice of protest, notice of non-payment, notice of dishonor, notice to accelerate maturity, notice of acceleration of maturity, all other notices, diligence in collection as to each and every payment due hereunder, and all other requirements necessary to charge or hold the Borrower to any obligation hereunder are waived.

11.    **GOVERNING LAW; JURISDICTION**.  This Note shall be governed by and construed in accordance with the internal substantive law, and not the choice of law rules, of the State of New York.  The Borrower and Lender hereby consent to, and agree to submit to the jurisdiction of the Supreme Court of the State of New York and the United States District Court for the Southern District of New York for any action arising out of or in connection with this Note, and agree, that any legal action or proceeding arising out of or with respect to this Note shall be brought exclusively in the Supreme Court of the State of New York or in the United States District Court for the Southern District of New York, in each case, that are located in New York County.

12.   **INTEGRATION**. This Note comprises the entire agreement of the Borrower and the Lender on the subject matter hereof and supersedes and replaces all prior agreements, oral and written, with respect thereto.

13.   **NOTICES**. Any notice under this Note shall be given in writing to Borrower at Borrower's address set forth beneath its signature on the signature page to this Agreement, or at such other address as Borrower may hereafter specify in a notice given in the manner required under this Section.  Any notice or request hereunder shall be given only by, and shall be deemed to have been received upon:  (i) registered or certified mail, return receipt requested, on the date on which such received as indicated in such return receipt, or (ii) delivery by a nationally recognized overnight courier, one (1) Business Day after deposit with such courier.

14.   **WAIVER OF RIGHT TO TRIAL BY JURY.  THE BORROWER AND LENDER HEREBY EXPRESSLY WAIVE ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION ARISING UNDER THIS NOTE OR THE TRANSACTIONS RELATED HERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT OR TORT OR OTHERWISE; AND THE BORROWER AND LENDER HEREBY AGREE AND CONSENT THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY, AND THAT EITHER BORROWER OR LENDER MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS SECTION WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF THE BORROWER OR LENDER TO THE WAIVER OF THEIR RIGHT TO TRIAL BY JURY.**

Executed as of the date first above written.


**BORROWER:**

REPOTEX, INC.


By:   _____
Name: Gregory Preis
Title:  President

Address for Notice:

333 Seventh Avenue, Third Floor
New York, NY 10001
      Attention: Gregory Preis