# MOSES & SINGER LLP

THE CHRYSLER BUILDING
405 Lexington Avenue, NY, NY 10174-1299
Tel: 212.554.7800    Fax: 212.554.7700
www.mosessinger.com

Jordan Greenberger
Direct: 212.554.7642  Fax: 212.377.6042
jgreenberger@mosessinger.com

April 27, 2011

**VIA ECF & HAND DELIVERY**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

> Re:   **Fragin, in her capacity as Trustee v. Mezei, et al.;**
>        **No. 1:09-CV-10287-PGG**

Dear Judge Gardephe:

We represent Defendants/Third-Party Plaintiffs and write pursuant to this Court's March 1, 2011 Order and April 14, 2011 Endorsed Letter permitting submission of additional material in connection with Plaintiff's motion for partial summary judgment on her breach of contract claim against defendant Repotex, Inc. ("Repotex"). In addition to our previously filed opposition papers [Doc. 43, 45-48], we believe the Court should consider Mr. and Mrs. Fragin's sworn deposition testimony wherein they both admit that the notes do not accurately state the actual deal.[1] Copies of Plaintiff Karen Fragin's and Third-Party Defendant Gary Fragin's deposition transcripts are enclosed.

### Summary

In the complaint, Plaintiff alleged that Repotex breached five notes it issued to the Trusts. The Fragins' testimony, however, makes clear that: (i) the agreement was for the purchase of a participation position in a Senior Repo, and that the concept of an absolute maturity date in the notes unrelated to payments in the "waterfall" was a mistake, (ii) there has been no breach of that agreement because the "waterfall" stopped paying, and (iii) even if the notes had fully reflected the substantive agreement, the agreement was not with Repotex in any event. Additionally, their testimony makes clear that Mrs. Fragin may not continue this lawsuit or otherwise obtain a

---

[1]   Plaintiff's filing of her motion prior to depositions was addressed in Repotex' Rule 56[f] (now, 56[d]; *see* 2009 Amendments) opposition affidavit. [Doc. 46]. Other than a conclusory footnote in her reply brief [Doc. 42 at n.2], Plaintiff's reply papers did not challenge the adequacy of Defendants' Rule 56[f] affidavit. In the interim, Repotex was effectively granted a continuance to conduct depositions. Those depositions are complete, and there is a full record that the Court should now consider. *Accord, Starkey v. Capstone Enterprises of Portchester, Inc.*, 237 F.R.D. 46 (S.D.N.Y. 2006) (denying motion for summary judgment without prejudice to renewal following the completion of discovery).

864780  011147.0102

# MOSES & SINGER LLP

Judge Gardephe
April 27, 2011
Page 2

judgment because she has a co-trustee for the plaintiff Trusts, and her co-trustee is not party to this suit.

<u>Argument</u>

*First*, Mr. and Mrs. Fragin both admit that their agreement was for a participation position in the Senior Repo, and thus, that the Trusts were to get paid in accordance with the terms of the "waterfall." (The Senior Repo and "waterfall" are described in the Mezei Decl. [Doc. 45], ¶¶ 6-11). Accordingly, the concept of an absolute maturity date for payment of principal and interest under a note, unrelated to whether Silar (Mr. Fragin's former company) paid the Senior Repo participants, was a mistake in the Notes (as we have long argued). Mrs. Fragin testified:

> Q. Are you aware that your husband [Gary Fragin] had a junior interest in that transaction?
>
> A. The word junior interest I've heard before.
>
> Q. In what context have you heard it?
>
> A. In this deal.
>
> Q. Who did you hear it from?
>
> A. Gary.
>
> Q. What did he say to you about the junior interest?
>
> A. When he brought this deal to me from Mr. Mezei, he mentioned that he had the junior piece of something, and that this would be a senior piece. Junior and senior I had heard before.
>
> Q. Clarify for me if I'm incorrect. What he said your deal was going to be was the senior piece?
>
> A. Yes. [Karen Fragin Depo., 124:18 – 125:12].[2]

Mr. Fragin confirmed that the $800,000 was for participation position in the Senior Repo:

> Q. What was your understanding of what was being purchased or what were you getting in exchange for the money to be invested?
>
> A. Gottex's [a Senior Repo participant's] 18 % note.

---

[2]    The Court should strike the final change in Mrs. Fragin's errata sheet because she did not comply with Rule 30(e)(1)(B); she did not provide a reason for the change. *EBC, Inc. v. Clark Building Systems, Inc.*, 618 F.3d 253, 266 (3d Cir. 2010); *HR U.S. LLC v. MIZCO Int'l, Inc.*, 1020 WL 3924548, at *9 (E.D.N.Y. Sep. 29, 2010); *Blazina v. Port Authority of New York and New Jersey*, 2008 WL 4539484, at *2 (S.D.N.Y. Oct. 7, 2008).

864780  011147.0102

# MOSES & SINGER LLP

Judge Gardephe
April 27, 2011
Page 3

> Q. So it would be a part of the senior repo?
>
> A. It would be a part of the senior repo, correct. [Gary Fragin Depo., 138:25-139:7].

Mr. Fragin also testified:

> Q. What did you believe you were receiving in exchange of the $800,000?
>
> A. The notes that Gottex [a Senior Repo participant] owned, or a proportionate share of those notes when Gottex was taken out.
>
> Q. And if Gottex was to be taken out, as you understood, would you have received Gottex notes or something else?
>
> A. The Compass notes. As matter of fact, my e-mail to them when I told – when I sent telling them that wires were coming in from my wife's kids' trust. I wrote 18 percent Compass notes.
>
> Q. And that you believe represents the senior piece that you believed you were getting?
>
> A. Correct. [Gary Fragin Depo., 141:12-142:2].

The Court is respectfully directed to other portions of Mr. Fragin's testimony where he (a) repeatedly admitted that the $800,000 was invested to buy a piece of the Senior Repo (Gary Fragin Depo., 124:6-25; 133:3-136:11; 148:21-149:3); and (b) states that the $800,000 was invested to "get rid of Gottex", who had a participation position in the Senior Repo that was senior to Mr. Fragin's "preferred" interest (*id.*, 125:1-128:1; 129:7-130:2; 133:3-136:11; 167:17-168:6; 180:6-183:1).

Thus, both Plaintiff and her husband, who admittedly arranged the deal on her behalf, admit that the actual agreement was for a participation in "the senior piece" so that the concept of a term in the notes irrespective of actual payments made to Senior Repo participants was an error. Instead, the Fragins were to be (and have been) re-paid pursuant to the "waterfall," which stopped paying.

***Second,*** there has been no breach of that agreement because the "waterfall" stopped. It is wholly uncontroverted that Silar (Mr. Fragin's former company) has not made any further disbursements to Senior Repo participants. (Mezei Decl. [Doc. 45], ¶20; Karen Fragin Depo., 149:20-23; Gary Fragin Depo., 161:16-162:11). Accordingly, not only should Plaintiff's motion be denied but the breach of contract claim should be dismissed because there has been no breach of the actual agreement.

***Third***, Mrs. Fragin's breach of contract claim is solely against Repotex. But the Fragins admit that they did not have an agreement with Repotex. Thus, even if Mrs. Fragin has a right to payments on a set maturity date regardless of whether Silar paid Senior Repo participants and that agreement was breached, a breach of contract claim against an entity that is not party to the subject agreement should be dismissed. *LD Productions, LLC v. Viacom, Inc.*, NYLJ

864780 011147.0102

# MOSES & SINGER LLP

Judge Gardephe
April 27, 2011
Page 4

1202489492977, at *9-11 (S.D.N.Y. Mar. 31, 2011) (Gardephe, J.). Mrs. Fragin admits that with respect to Repotex:

    (a)  "I knew that they [the notes] did not reflect the deal, because in reviewing them with my husband, the name Repotex was a new entity that was never heard of before", and that Mr. Fragin called Mr. Mezei after receiving the notes and informed Mr. Mezei that the notes did not reflect the deal (Karen Fragin Depo., 110:13-114:5);

    (b)  "what was supposed to happen didn't happen" and "we didn't get what was promised" (*id*, 106:14-107:4) and,

    (c)  The notes "wasn't what we purchased -- what I had purchased" (*id.*, 118:19-25).

This was confirmed by Mr. Fragin:

Q.    As you sit here today, do you believe the Repotex notes to adequately reflect the deal that you had with Mr. Mezei?

A.    No.

Q.    In what ways do they not?

A.    I never spoke to Mr. Mezei about Repotex prior to the deal. My wife never agreed to invest her children's money in Repotex. So they can't possibly reflect what we expected to do. [Gary Fragin Depo., 156:2-10; *see also, id.* at 133:12-136:4; 139:8-140:13].

Thus, the Fragins admit that Plaintiff does not have privity of contract with Repotex and the claim should be dismissed. *Ancile Inv. Co. Ltd. v. Archer Daniels Midland Co.*, 2011 WL 813724, *5 (S.D.N.Y. Mar. 8, 2011) (quoting *Yucyco, Ltd. v. Republic of Slovenia*, 984 F.Supp. 209, 215-16 (S.D.N.Y. 1997)).

**Fourth**, Mrs. Fragin's testimony confirms that she may not continue this lawsuit, and therefore may not obtain a judgment against Repotex (or any other party). Plaintiff is suing in her capacity as trustee for her children's trusts. Plaintiff, however, is not the sole trustee – one of her sisters is a co-trustee. (Karen Fragin Depo., 32:5-14; 35:24-36:2; 38:6-40:22; 49:2-50:5; 69:5-70:2; 94:7-10; 110:13-24; 160:25-161:4; *also* Gary Fragin Depo., 145:23-146:12). Under the laws of both New York (the forum) and Florida (the trusts' chosen law), one trustee may not pursue litigation without her co-trustee. *Jones v. Incorporated Village of Lloyd Harbor*, 277 A.D. 1124, 1125 (2d Dept 1950) ("neither trustee may maintain the action alone"), *aff'd*, 302 N.Y. 718 (1951); F.S.A. § 736.0703(3) ("A cotrustee must participate in the performance of a trustee's function…"). Absent Plaintiff's co-trustee, this case cannot continue and no judgment should be entered. Moreover, the $800,000 at issue was invested by Plaintiff without the co-trustee's authorization. The trusts' claim, if any, actually is against the trustee(s). 106 N.Y.Jur.2d "Trusts" § 368.

# MOSES & SINGER LLP

Judge Gardephe
April 27, 2011
Page 5


Finally, pursuant to the March 1st Order and the April 14th Endorsed Letter, on or before May 6, 2011, Defendants/Third Party Plaintiffs intend to submit a letter concerning their filing of a motion for summary judgment concerning most (or all) of Plaintiff's claims. We respectfully submit that Plaintiff's pending motion should be decided concurrently with the dispositive motion that Defendants/Third Party Plaintiffs intend to file.

Respectfully submitted,

Jordan Greenberger

cc:    Sheryl Galler, Esq.

864780  011147.0102