UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN NUSSBAUM FRAGIN and NANCY MARKOVITCH, in their capacity as Trustees for the ELANA B. NUSSBAUM TRUST, the MOSHE JONATHAN NUSSBAUM TRUST, the TAMAR MIRIAM NUSSBAUM TRUST, the DANIEL ZACHARY NUSSBAUM TRUST, and the SAMUEL ELIEZER NUSSBAUM TRUST,<br><br>                      Plaintiffs,<br><br>  - against -<br><br>LEONARD MEZEI, the ECONOMIC GROWTH GROUP, REPOTEX, INC. and RON FRIEDMAN,<br><br>                     Defendants/Third-Party Plaintiffs,<br><br>  - against -<br><br>GARY S. FRAGIN,<br><br>                     Third-Party Defendant. | 09-CV-10287 (AJN)<br><br>**PLAINTIFFS' AND THIRD-PARTY DEFENDANT'S <u>MOTION IN LIMINE</u>** |

      Plaintiffs and Third-Party Defendant respectfully submit this memorandum of law in support of the following motion *in limine* to exclude the following documentary evidence and testimony that may be proffered by Defendants:

      1.    Evidence and testimony regarding Gary Fragin as an accredited investor, his general business experience and sophistication and his holding of Compass Preferred Equity; and

      2.    Evidence and testimony regarding Mrs. Fragin's conversation with her cousin Sam Shapiro.

I.

Evidence Regarding Gary Fragin as an Accredited Investor,
his General Business Experience and Sophistication and
<u>his Holding of Compass Preferred Equity Should Be Excluded</u>

Defendants should be precluded from proffering at the trial of this action any evidence or testimony relating to Gary Fragin as an accredited investor, his general business experience and sophistication, and his holding of Compass Preferred Equity because such evidence is both irrelevant and prejudicial. Fed. R. Evid. 402, 403.

(a) Accredited Investor

Mr. Fragin's status as an accredited investor is irrelevant because the Trusts, not Mr. Fragin, were purchasers of the securities. Opinion and Order dated August 22, 2012 ("Opinion"), at 8-9; Fed. R. Evid. 402.

Mr. Fragin's status as an accredited investor is also irrelevant because the Court dismissed Plaintiffs' claims under Sections 5 and 12(a)(1) of the Securities Act of 1933 the "1933 Act"), 15 U.S.C. §§77e and 771(a)(1). Opinion, at 12. Under Sections 5 and 12(a)(1) of the 1933 Act, the offer and sale of securities conducted in accordance with Regulation D, Rules 501–08, 17 C.F.R. 230.501–.508, of the 1933 Act, are exempted from the registration requirements of the 1933 Act. Because these transactions are not registered, they are limited to purchasers who are accredited investors. *In re Integrated Res. Real Estate Ltd. P'ships Sec. Litig.*, 850 F. Supp. 1105, 1112 (S.D.N.Y. 1993). This issue is no longer part of this case.

(b) General Business Experience and Sophistication

Mr. Fragin's general business experience and sophistication are also irrelevant because the Trusts, not Mr. Fragin, were purchasers of the securities. Opinion, at 8-9;

Fed. R. Evid. 402. There is no evidence that Mrs. Fragin or the Trusts were sophisticated investors.

We expect Defendants to argue that Mr. Fragin's general business experience and sophistication should be imputed to the Trusts and considered by the jury in evaluating the reasonableness of the Trusts' reliance on Mr. Mezei's statements. However, as a matter of law, Mr. Fragin's general business experience and sophistication cannot be imputed to Plaintiffs. *Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 820 F. Supp. 2d 558, 560 61 (S.D.N.Y. 2011). In *Terra*, the Court held that the knowledge and actions of plaintiffs' agent, a securities firm that served as the conduit of information and purchasing agent for plaintiffs, were not imputed to plaintiffs, who all parties agreed were unsophisticated. *Id*.

Even if Mr. Fragin were the Trusts' agent (which may be argued by Defendants at trial), the knowledge that may be imputed to a principal does not include an agent's business experience or sophistication. Only the facts that the agent actually learned while acting as agent may be imputed to the principal. *See, e.g., Center v. Hampton Affiliates, Inc.*, 66 N.Y.2d 782, 784 (1985) (the general rule is "that knowledge acquired by an agent acting within the scope of his agency is imputed to his principal"). In contrast, an agent's knowledge that was not acquired while acting within the scope of his agency is not imputed to the principal. *Owens v. Gaffken & Barriger Fund, LLC*, No. 08 Civ. 8414, 2011 WL 1795310, at *3 (S.D.N.Y. May 5, 2011). It would be inappropriate, therefore, to impute the agent's general experience or sophistication to its principal, and such is not the law. *Terra Sec.*, 820 F. Supp. 2d at 560-61.

Furthermore, whether or not Gary Fragin's general business experience and sophistication can be imputed to Plaintiff is immaterial. A sophisticated investor, even one with an "enhanced duty to obtain material information about their investment decisions," is not required to be a fortune-teller. *Maverick Fund, L.D.C. v. Comverse Tech., Inc.*, 801 F. Supp. 2d 41, 57 (E.D.N.Y. 2011). The duty of inquiry is to seek "available" information, and then only if "basic inquiries would have revealed the truth," or they were "practically faced with the facts when entering a transaction." *Id.*; *Dandong v. Pinnacle Performance Ltd.*, No. 10 Civ. 8086, 2011 WL 5170293, at * 14 (S.D.N.Y. Oct. 3, 2011). Where, as here, matters are "peculiarly within the knowledge of the defendant," even a sophisticated investor may rely on a defendant's representations without conducting an investigation. *Id.* (citing *Mallis v. Bankers Trust Co.*, 615 F.2d 68, 80 (2d Cir. 1980)); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 651 F. Supp. 2d 155, 180-81 (S.D.N.Y. 2009).

Defendants argue that Gary Fragin knew about the origin of the Senior Repo. That is true as far as it goes, but he had no access to the critical information affecting the securities purchased because that information (including the very existence of Repotex and the very existence of the Paydown and Extension Agreement) was within Defendant Mezei's private sphere. *See Terra Sec. Asa Konkursbo v. Citigroup, Inc.*, 450 F. App'x 32, 34 (2d Cir. 2011); *compare HSH Nordbank AG v. UBS AG*, 95 A.D.3d 185, 194-95, 941 N.Y.S.2d 59 (1st Dep't 2012) (true nature of risk could have been ascertained from reviewing publicly available information); *Afra v. Zamir*, 76 A.D.3d 56, 59, 905 N.Y.S.2d 77, 79 (1st Dep't 2010) (plaintiffs did not make use of means available to them to ascertain truth of alleged misrepresentations).

4

Defendants' argument that Gary Fragin had "apparent authority" – that is, that Mr. Mezei reasonably believed that Mr. Fragin had authority to act for Plaintiffs – is a red herring. Whether or not Mr. Fragin had apparent authority to act for Plaintiffs might be relevant if Plaintiffs were disclaiming responsibility for something he did. But Defendants have cited no legal authority that the general business experience and sophistication of one with apparent authority is imputed to the "principal," and thus the issue of Mr. Fragin's alleged apparent authority has no place here.

In short, evidence of Gary Fragin's general business experience and sophistication cannot change the fact that both he and Plaintiffs could not have known that Mr. Mezei was not telling them the truth about the deal. Pursuant to Federal Rules of Evidence 403, this Court may exclude even relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Allowing Defendants to present evidence of Mr. Fragin's general business experience and sophistication at trial creates these very dangers.

(c) Compass Preferred Equity

Similarly, the fact that Mr. Fragin holds Compass Preferred Equity is irrelevant. Fed. R. Evid. 401, 402. Mr. Fragin did not purchase the securities at issue in this case. Opinion, at 8-9. Any knowledge that Mr. Fragin has as holder of the Compass Preferred Equity did not give him access to, or even reason to suspect, the information that Mr. Mezei knew and failed to disclose to the Trusts. Further, any knowledge that Mr. Fragin had as a holder of Compass Preferred Equity cannot be imputed to Plaintiffs. *See Terra Sec.*, 820 F. Supp. 2d at 560-61.

II.

Testimony Regarding Sam Shapiro's Out-of-Court
Statement Should Be Excluded

During her deposition, Mrs. Fragin testified that, before she transferred the Trusts' funds to Mr. Mezei's company EGG, she asked her cousin Sam Shapiro whether it was "a good thing to do or not." Tr . 95:7-8. Defendants should be precluded from asking Mrs. Fragin at trial about this conversation, and from proffering her deposition testimony in evidence, because such testimony is irrelevant and risks misleading the jury. Fed. R. Evid. 401, 403, 801(c).

Mrs. Fragin's conversation with Mr. Shapiro is irrelevant to this case. There is no evidence that Mr. Shapiro saw any documents regarding the deal or knew anything about the deal other than what Mrs. Fragin told him. As it turned out, what Mrs. Fragin thought the Trusts were purchasing was not actually what they received, which meant whatever Mrs. Fragin told Mr. Shapiro about the deal was not what happened. Such a generalized opinion of a third-party with no ties to the investment is irrelevant to the issue of whether Plaintiffs were entitled to rely on Defendants' misrepresentations or omissions. Otherwise, any time a spouse, sibling, parent or friend of a potential investor expressed skepticism about an investment, the investor would be forever foreclosed from bringing a fraud action based on the defendant's misrepresentations or omission, whether under the common law or federal securities law. This is not the law, nor could it be. As such, Mrs. Fragin's testimony regarding her conversation with Mr. Shapiro is irrelevant. Fed. R. Evid. 403.

Finally, admission of this statement may confuse the issues and mislead the jury. Mr. Shapiro is not a broker or investment advisor, and did not handle investments for

the Trusts. However, the jury may believe that Mr. Shapiro was an investment advisor and was expressing an expert opinion about the advisability of the investment. Here, Mr. Shapiro has not been qualified as an expert witness, and is not being called by any party as a witness. *See* FRE 702; *see generally, Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). The jury may well believe that Mr. Shapiro was giving an expert opinion as an investment advisor, which he is not, and may give undue weight to Mr. Shapiro's opinion when evaluating Mrs. Fragin's decision to transfer the Trusts' funds to Mr. Mezei's company EGG. This would be prejudicial to Mrs. Fragin, confuse the issues and mislead the jury, and should be excluded. Fed. R. Evid. 403.

In sum, because Mrs. Fragin's conversation with Mr. Shapiro is irrelevant, and risks misleading the jury, Defendants should be precluded from eliciting this testimony or proffering Mrs. Fragin's deposition testimony on this topic.

**Conclusion**

For the foregoing reasons, Plaintiffs' and Third-Party Defendant's motion *in limine* should be granted.

Dated: New York, New York
         November 13, 2012

Respectfully submitted,

HOGUET NEWMAN REGAL & KENNEY, LLP

By: _____
Fredric S. Newman (FN-3174)

10 East 40th Street
New York, New York 10016
Telephone: (212) 689-8808
Facsimile: (212) 689-5101

*Attorneys for Plaintiffs
and Third-Party Defendant*