USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 20 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

KAREN NUSSBAUM FRAGIN, ET AL.,

    Plaintiffs,

-v-

LEONARD MEZEI, ET AL.,

    Defendants and Third-Party Plaintiffs,

-v-

GARY S. FRAGIN,

    Third-Party Defendant.
-------------------------------------------------------------------X

09 Civ. 10287 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On August 22, 2012, this Court issued an order granting in part and denying in part Defendants and Third-Party Plaintiffs' motion for summary judgment. (Dkt. # 88) They now move for reconsideration of three of the Court's findings. (Dkt. #89) For the reasons that follow, Defendants' motion is DENIED.

## I. STANDARD

Local Rule 6.3 permits a party to move for reconsideration based on "matters or controlling decisions which counsel believes the court has overlooked." Local R. 6.3. Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Sec. Litg.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y.2000) (citations and quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The

provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y.1990). Furthermore, new arguments are inappropriate on a motion for reconsideration. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001) (noting that under Local Rule 6.3, a plaintiff may not raise a new argument for the first time in a motion for reconsideration).

## II. DISCUSSION

Defendants and Third-Party Plaintiffs (referred to herein as "Defendants") seek reconsideration of three issues addressed by the Court in its summary judgment decision: (1) loss causation; (2) conversion; (3) reasonable reliance. For the following reasons, the Court finds reconsideration unwarranted.

### 1. <u>Loss Causation</u>

Defendants seek reconsideration of this Court's denial of summary judgment with respect to loss causation. (Mot. 1-3) In the event that the Court denies Defendants' motion for reconsideration, they ask the Court to exclude from trial all evidence of loss causation. (Mot. 2-3) For the following reasons, both requests are denied.

#### a) *Reconsideration*

In their motion for reconsideration, Defendants contend that Plaintiffs failed to plead loss causation and failed to offer proof of loss causation in opposition to Defendants' summary judgment motion. (Mot. for Recon. 2) Defendants' summary judgment motion predominantly argued that the Trusts suffered no loss as the result of receiving Repotex notes rather than a direct interest in the Senior Repo because neither direct interest holders nor Repotex noteholders are being paid. (Mot. for S.J. 26-27) The Court addressed this argument in its summary

judgment opinion, and Defendants have not made a sufficient showing to warrant reconsideration. (S.J. Op. 25-26)

However, Defendants also argued in their summary judgment motion, albeit in a limited way, that Plaintiffs failed to *plead* loss causation. (Mot. for S.J. 26) This argument was not addressed in the Court's summary judgment opinion. Accordingly, the Court addresses it here. *See Jones v. Donnelly*, 487 F. Supp. 2d 418, 419 (S.D.N.Y. 2007) (considering arguments previously raised but not addressed in court order).

Plaintiffs in a private federal securities fraud action must allege loss causation. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). A complaint must provide the defendants with notice of the plaintiffs' claimed economic loss and of the causal relationship between that loss and the defendants' alleged misrepresentation. *Id.* at 347. In other words, plaintiffs "must allege that the subject of the fraudulent statement or omission was the cause of the actual loss suffered." *Lentell v. Merrill Lynch & Co. Inc.*, 396 F.3d 161, 173 (2d Cir. 2005).

The Complaint meets this standard. For example, the Complaint alleges that Mr. Mezei failed to disclose that Compass was at risk of foreclosure on the Gottex loan, that the Trusts' money was used to purchase a participation in that loan, that Compass eventually defaulted on the loan, and that the Trusts have not received payment since Compass' default. (Cmplt ¶¶ 11, 12, 18, 23, 32-33, 46-47, 65)[1] This is sufficient under *Dura*.

Moreover, as noted in the Court's summary judgment opinion, Plaintiffs adduced evidence that as Repotex note holders rather than direct lenders to Compass, the Trusts were not able to "foreclose on Compass" or "take action against the collateral which was in Compass" in

---

[1] The Court is aware that Defendants contest these alleged facts, particularly whether Gottex could "foreclose" on Compass and what effect "foreclosure" could or did have on investments in the Senior Repo. For the purposes of assessing the sufficiency of the Complaint, however, the Court assumes the truth of the facts contained therein. *See, e.g., Lentell*, 396 F.3d at 165.

3

order to protect their investment. (G. Fragin Depo. 154:1-21 cited in S.J. Op. 26) This is sufficient to satisfy Plaintiffs' *de minimis* burden in defending a motion for summary judgment. *See Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995) (holding that although "[i]n moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim," "the plaintiff's burden of producing such evidence in opposition to the motion is *de minimis*."). For these reasons, the Court finds that reconsideration of its denial of Defendants' motion for summary judgment with respect to loss causation is not warranted.

### b) *Exclusion of Evidence*

Defendants' assert that all evidence of loss causation should be excluded from trial because Plaintiffs were obligated to present all such evidence in opposition to Defendants' motion for summary judgment. (Mot. 2) As an initial matter, such a rule, if it existed, would be in direct tension with a plaintiff's *de minimis* burden in defending a motion for summary judgment. *Cf. Goenaga*, 51 F.3d at 18. Moreover, the case cited by Defendants for this rule – *Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 293 F. Supp. 2d 397 (S.DN.Y. 2003) – simply excluded from trial evidence relating to a claim dismissed on summary judgment. 293 F. Supp. 2d at 408. The plaintiffs in *Weiss* could not circumvent the court's summary judgment ruling by presenting evidence at trial that they failed to present on summary judgment. *Id.* This is easily distinguishable from the instant action where the Court has not dismissed Plaintiffs' fraud claims and has in fact held that Plaintiffs have adduced some evidence of loss causation. Consequently, Defendants' request to exclude all evidence of loss causation from trial is denied.

4

## 2. Conversion

Defendants contend that the Court should reconsider its denial of summary judgment on Plaintiff's conversion claim as alleged against Mr. Mezei and EGG because (1) there is no evidence that Plaintiff's monies were or should have been segregated and (2) a breach of contract claim cannot be recast as a conversion claim. (Mot. 3) These are new arguments not raised by Defendants in their motion for summary judgment. As such they are not properly raised on a motion for reconsideration.

## 3. Reasonable Reliance

Finally, Defendants move this Court to reconsider its holding that, with respect to Plaintiffs' fraud claims, Plaintiffs are not foreclosed, as a matter of law, from establishing reasonable reliance on Mr. Mezei's alleged misrepresentation or omission. (Mot. 3-7) Defendants argue that reconsideration is warranted because (a) Gary Fragin was incontestably Karen Fragin's agent vis-à-vis the Trusts' investment; (b) as a result of this agency relationship, Gary Fragin's knowledge must be imputed to Karen Fragin; (c) also as a result of this agency relationship, Gary Fragin's sophistication must be imputed to Karen Fragin; and (d) even if neither Gary Fragin's knowledge nor his sophistication is imputed to Karen Fragin, her failure to perform any diligence dooms her claim of reasonable reliance. (*Id.*)

As an initial matter, Defendants' summary judgment motion did not argue that Gary Fragin was Karen Fragin's agent and that his knowledge and/or sophistication could be imputed to her as the result of this agency relationship. Consequently, the Court does not consider these arguments on reconsideration.

Turning to Defendants' argument that Karen Fragin's failure to perform due diligence, even as an unsophisticated investor, is fatal to her claim, the Court struggles to find this express

5

argument in Defendants' summary judgment papers. On summary judgment, Defendants primarily argued that the Fragins' failure to perform due diligence was fatal to the Trusts' claim because of Gary Fragin's sophistication and the obligations that the law imposes on sophisticated investors. (Mot. for S.J. 21-22)

Furthermore, even if this argument can be coaxed out of Defendants' summary judgment papers, Defendants have failed to demonstrate that reconsideration is warranted. It is true that "[a]n investor may not justifiably rely on a misrepresentation if, through minimal diligence, the investor should have discovered the truth." *Brown v. E.F. Hutton Grp., Inc.*, 991 F.2d 1020, 1032 (2d Cir. 1993). In other words, "§ 10(b) liability will not be imposed when an investor's conduct rises to the level of recklessness." *Id.* However, in their summary judgment motion, Defendants pointed to no evidence that Karen Fragin could have, through "minimal diligence," determined that the Trusts' money would not be used to purchase a direct participation in the Senior Repo but instead would be sent to Repotex. In their Motion for Reconsideration, Defendants argue that Gary Fragin's former partners at Silar knew about Repotex but Defendants provide no record citation for this fact. (Mot. 6) Defendants also argue that Repotex was known to the other Repotex noteholders but Defendants provide no basis for concluding that the existence of Repotex noteholders should have warned Karen Fragin to investigate whether the Trusts' funds were being sent to Repotex. (Mot. 6) Indeed, the record suggests that neither Karen Fragin nor Gary Fragin knew about Repotex until after the Trusts received their Repotex notes. (G. Fragin Depo. 133:21 – 136:4; K. Fragin Depo. 111:4-10) Consequently, the Court finds no basis to modify its conclusion that Karen Fragin is not barred, as a matter of law, from establishing that she reasonably relied on Mr. Mezei's representation regarding the nature of the available investment opportunity.

6

Furthermore, "in the case of omissions, reliance on the omitted information may be presumed where such information is material." *Black v. Finantra Capital, Inc.*, 418 F.3d 203, 209 (2d Cir. 2005) (citing *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153-54 (1972)). Defendants did not address this presumption in their motion for summary judgment and do not address it in their motion for reconsideration. Consequently, the Court finds no basis to modify its conclusion that Karen Fragin is not barred, as a matter of law, from establishing that she reasonably relied on Mr. Mezei's failure to disclose Compass's risk of foreclosure.

### III. CONCLUSION

For the forgoing reasons, Defendants motion for reconsideration, Dkt. # 89, is DENIED. SO ORDERED.

Dated: December 20, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge